Theodore Dachenhausen, Jr., J.
Petitioner, by order to show cause signed by Hon. Evans V. Brewster, Family Court Judge, returnable before this court on June 14, 1971, seeks an order modifying the temporary order of protection dated May 14,1971, and granting to petitioner temporary exclusive possession of the marital residence located at New Rochelle, New York.
It is noted that petitioner left the marital home and moved in with her parents on June 28, 1970, and was later joined there by the two children of the marriage upon their return from summer camp in the latter part of August, prior to filing the original family offense petition on September 2,1970.
A temporary order of protection was issued on September 10, 1970, directing respondent, who continued to occupy the marital home, not to annoy, harass, disturb or assault petitioner and to remain away from the residence of petitioner’s parents, at Scarsdale, N. Y.
Respondent herein, by a petition dated October 2, 1970, then sought an order of protection specifying conditions of behavior to be observed by petitioner herein. On October 5, 1970, a temporary order of protection was issued by this court directing petitioner herein not to harass, annoy, or disturb respondent herein, and directed petitioner herein to remain away from the marital home, where respondent herein was residing.
Thereafter, respondent herein filed a petition, dated November 30, 1970, alleging that petitioner herein had violated the aforesaid temporary order of protection dated October 5, 1970. On December 7, 1970, this court issued an amended temporary order of protection which directed petitioner herein not to assault, molest, menace, threaten, harass or annoy respondent herein and contained a further directive which, in effect, permitted petitioner herein, provided respondent was present, to enter the marital home when accompanied by two police officers on Fridays of each week a.t 7:00 p.m. to obtain children’s items.
A hearing on the above-described petitions was commenced on April 13, 1971, continued on May 12, 1971, and further continued on May 14,1971, at which time the hearing was adjourned to a future date. On the hearing, which has not as yet been concluded, testimony revealed that living conditions in the home of petitioner’s parents were strained and difficult. Petitioner’s father is semi-retired and handicapped by the amputation of one leg and suffers from an ailment requiring the regular care of a physician. Petitioner’s 25-year-old brain damaged brother, with the mental capacity of a child of approximately 12 years old, standing 6 feet 4 inches tall and weighing over 220 pounds, *45 resides with petitioner’s parents in a three-bedroom house. Petitioner and her two sons, aged 5 and 10, occupied one bedroom of her parent’s home, with one child sleeping on the floor. Testimony indicated there was constant friction between petitioner’s brain damaged brother and her two sons, which only served to aggravate the overcrowded situation.
The court was not surprised to learn from the moving papers that on June 4,1971, the potentially explosive conditions existing at the home of petitioner’s parents finally errupted into a violent emotional outburst involving petitioner’s two sons, her invalid father and her brain damaged brother, resulting in her father directing petitioner and her sons to leave her parents’ home promptly.
Several days later, petitioner moved into a nearby motel where she and her two sons now temporarily reside in one room. Meanwhile, respondent has continued to reside at the marital home.
The court had little difficulty in concluding from the moving papers that petitioner and the two infant children have sustained both mental anguish and physical discomfort while occupying the one room at the motel. She requests an order awarding temporary exclusive possession of the marital home.
Respondent, through his papers in opposition, indicates that if this court should make a determination at variance with the status quo, it will have a prejudicial effect upon respondent’s rights in the matter of the quantum of pendente lite alimony and child support ordered to be paid by the Supreme Court in the pending divorce action between the same parties to this proceeding. Such questions, however, are not now before the court on this motion.
The Family Court, although a court of record created by the Constitution of the State of New York, is nevertheless a court of limited jurisdiction. (Adams v. Rhoades, 56 Misc 2d 249 [1968].) Such jurisdiction as the Family Court possesses in this matter arises solely out of and in connection with its exclusive original jurisdiction over family offense proceedings as set forth in article 8 of the Family Court Act and nowhere therein does the statute make reference to awarding exclusive possession of the marital home. Hon. William A. Walsh, Jr., Justice, Supreme Court, in a decision of May 12, 1971, in a matter involving the same parties hereto, observed that the Family Court cannot grant exclusive possession of the marital home.
*46 It should be noted that this matter involves not only the two adult parties, but also and more importantly, the two infant children of their marriage, for whose interests this court must exercise deep concern. The Family Court is charged with the duty of taking .such judicial action as may be required in order to protect children who are before the court.
This principle has never been more eloquently enunciated than by Judge Cardozo in Finlay v. Finlay (240 N. Y. 429, 433) wherein he said “ The chancellor, in exercising his jurisdiction upon petition does not proceed upon the theory that the petitioner, whether father or mother, has a cause of action against the other or indeed against any one. He acts as parens patriae to do what is best for the interest of the child. He is to put himself in the position of a ‘ wise, 'affectionate, and careful parent ’ (Queen v. Gyngall, 1893 2 Q.B.D. 232, 238), and make provision for the child accordingly. He may act at the intervention or on the motion of a kinsman, if so the petition comes before him, but equally he may act at the instance of any one else. He is not adjudicating a controversy between adversary parties, to compose their private differences. He is not determining rights ‘ as between a parent and a child, ’ or as between one parent and another (Queen v. Gyngall, supra). He ‘ interferes for the protection of infants, qua infants, by virtue of the prerogative which belongs to the Crown as parents patriae ’ (Matter of Spence, 2 Phillips, 247, 248 * * * ).”
It appears to the court that it is no longer feasible, safe or healthy for the phyiscal and emotional well-being of the infant children of the parties herein to remain away from their home, to wit, the marital home. Under section 842 of the Family Court Act, an order of protection may require a person before the court (a) to stay away from the home, the other spouse or the child, and (e) to refrain from acts of commission or omission that tend to make the home not a proper place for the child.
Accordingly, it is the decision of the court that the temporary order of protection issued May 14, 1971, setting forth certain conditions of behavior to be observed by respondent, be amended so as to omit therefrom the directive .to remain away from Scarsdale, Hew York, and to add thereto a new directive to respondent to remove and stay away from the marital home at Hew Rochelle, H. Y, and to refrain from removing from said marital home all furniture, furnishings and household effects, except personal clothing and personal business records. Likewise, the temporary order of protection, dated May 14, 1971, directing petitioner to observe certain conditions of behavior, *47 is hereby amended so as to omit therefrom the directive to petitioner to remain away from the marital home at New Rochelle, N. Y, where respondent has been residing.
It is the intention of the court that the respondent shall vacate and remain away from New Rochelle, N. Y. and that petitioner and the two infant children be permitted to re-enter and occupy the marital home. The mutual orders of protection, as herein-above amended, shall otherwise remain in full force and effect. The provisions amending the temporary orders of protection as hereinabove set forth, shall take effect five (5) days after service of a copy of the order based upon this decision, together with notice of entry, upon respondent’s attorney by certified mail, return receipt.
This shall constitute the decision of the court pursuant to CPLR 4213 (subd. [b]).
Submit order on notice.