Hugh R. Elwyh, J.
By petition and order to show cause the petitioner on behalf of herself and her two teenage daughters brings a family offense proceeding pursuant to article 8 of the Family Court Act in which she seeks an order of protection to prevent her estranged husband’s “ continued and incessant harassment, menacing and reckless conduct.”
The gravamen of her petition which is buttressed by an Affidavit of the parties ’ two daughters is that her husband refuses to accept the fact that their marriage is no longer viable and that in his misguided efforts to preserve the marriage he has abused his parental relationship with their children by discussing with the children ad nauseam the breakup of the marriage and the impending divorce to the point where the children are made to feel guilty and responsible for the breakup of the marriage.
In support of these allegations the wife and the two daughters testified to numerous instances since the separation when the respondent sought the company of his daughters both at home and abroad and during their hours of relaxation and athletic activities, all to the daughters’ mounting vexation and annoyance. The daughters, Mara and Deidre, who are completely under the control of their mother, find their father’s inordinate interest in them and their activities tiresome and offensive; they complain that in his efforts to save and pre *232 serve Ms marriage that he plays upon their sympathies, distorts their conversations, criticizes their activities and endeavors, tearing at their self confidence; has intimated that there will be less material benefits if there is a divorce, and, in short, has made them feel a sense of guilt over their parents ’ separation. As a consequence, the two daughters have come to resent what they see as an effort on the part of their father to use them as an instrument or a means of bringing pressure upon their mother to effect a reconciliation with their father.
The respondent did not offer any testimony to controvert any of the petitioner’s proof but, rather at the dose of the petitioner’s case, moved to dismiss for failure to prove facts sufficient to constitute the violation of harassment or to entitle her to any relief. The motion was based primarily on two grounds: (1) that the acts proven at the trial, even if believed, were not acts done by the respondent ‘ with intent to harass, annoy or alarm another person ” and (2) that assuming the truthfulness of the petitioner’s testimony that the conduct complained of was not acts “ which serve no legitimate purpose.”
The respondent, of course, does not agree with the construction put upon his conduct by his wife and daughters, but asserts that in all his contacts with his family since the separation, whether personally or by telephone, that he has done nothing inconsistent with the proper exercise or beyond the scope of his inherent right as a parent to influence and control his daughters’ upbringing and conduct. In contrast to the wife, who apparently does not regard her religion as presenting any barrier to divorce, the respondent by religious conviction regards his marriage as indissoluble for any reason whatever and is adamantly opposed to divorce. In defense of his efforts to save and preserve his marriage the respondent points out that while the divorce laws of this State have recently been liberalized to the point where they virtually permit divorce by consent, the public policy of this State has not gone so far as to regard divorce as a desirable social policy. Consequently, he feels justified in resorting to any legitimate means to persuade Ms wife and and children that divorce is not in the family’s best interest.
In short, the respondent’s position is that his prerogatives as a parent remain undiluted and undiminished by the parties ’ separation by mutual consent; that to the extent he may have discussed his estrangement with his wife and the impending divorce with his children he has been motivated solely by a desire to *233 save Ms marriage, and that, in any event, his conduct does not, as a matter of law, constitute harassment.
Although the petitioner seeks protection from what she in her petition characterizes as the respondent’s “ incessant harassment, menacing and reckless conduct ”, there was no proof whatsoever that would sustain a charge of “ menacing ” or “ reckless endangerment ” as those crimes are defined in the Penal Law (§§ 120.15, 120.20, 120.25). Nor is the petitioner’s proof sufficient to sustain a finding “ by a fair preponderance of the evidence ” (Family Ct. Act, § 832) that the respondent has committed acts which would constitute the violation of “ harassment ” as that offense is defined in the Penal Law (§ 240.25).
There was no proof whatever that the respondent committed any of the acts described in any of subdivisions 1 to 4 of section 240.25 of the Penal Law, any one of which may constitute harassment. The only possible subdivision of section 240.25 that the respondent may conceivably have violated is subdivision 5 which states: ‘ ‘ He engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and wMch serve no legitimate purpose.”
The violation of harassment requires proof of an intent to harass, annoy or alarm (Penal Law, § 240.25; People v. Moyer, 27 N Y 2d 252, 253). The petitioner’s proof is insufficient to establish that respondent by his conduct intended to harass, annoy or alarm his daughters; rather, his intent, so far as it is possible to ascertain the same, seems to have been to attempt to maintain, as nearly as possible under the circumstances, a normal father-daughter relationship with his two daughters and to prevent his marriage from completely disintegrating.
Moreover, even if the petitioner’s daughters were “ alarm(ed) ” by their father’s conduct, his course of conduct as described by them was not such as would ‘‘ serve no legitimate purpose ’ ’. On the contrary, his course of conduct appears to have been motivated by concern for his family and the welfare of his daughters and could conceivably serve several very legitimate purposes — the maintenance of a normal father-daughter relationship, a reconciliation with his family, the preservation of his marriage and the insurance of his own mental and emotional health to name a few. In sum, the petitioner’s proof falls far short of establishing the violation of harassment as that offense is defined in section 240.25 of the Penal Law.
The petitioner, however, takes the position that in order for the court to take jurisdiction in this matter that it is not necessary for the court to make a finding that the respondent acted *234 with intent to harass, annoy or alarm his daughters, hut that it is sufficient to invoke the court’s jurisdiction if the court finds the respondent’s conduct by some undefined standard “ offensive It is true, of course, that article 8 of the Family Court Act is entitled ‘ ‘ Family Offenses Proceedings ’ ’ and that among the authorized dispositions of a family offense proceeding is the issuance of an order of protection in accordance with section 842 of the Family Court Act requiring a respondent to abstain from offensive conduct. However, the euphemism, “ family offense ” is nowhere specifically defined in the Family Court Act, except by implication from the listing of the types of acts over which the Family Court is by statute given exclusive original jurisdiction. Section 812 of the Family Court Act vests the court with exclusive original jurisdiction ‘ ‘ over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempt assault between spouses or between parent and child or between members of the same family or household. For purposes of this article, ‘ disorderly conduct ’ includes disorderly conduct not in a public place.”
In support of the novel proposition that the Family Court has jurisdiction over not only those acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment and assault or an attempted assault as those crimes or violations are defined in the Penal Law, but also over acts which the petitioner finds “ offensive ”, the petitioner cites the dicta of Judge Midonick in Matter of Ruth “ S ” v. George “ S ” (63 Misc 2d 1, 6-7, 10, 12).
The actual holding of Matter of Ruth “ S ” v. George “ S ” (supra), that incest is within the exclusive original jurisdiction of the Family Court, has been overruled by the decision of the Court of Appeals in People v. Lewis (29 N Y 2d 923), holding that it is not. The court said (p. 924): “ Neither the original enactment of section 812 specifying disorderly conduct and assault nor its subsequent amendment to include acts which would constitute harassment, menacing, reckless endangerment and attempted assault (L. 1969, ch. 736), purports to include incest, which, thus, under the familiar rule of construction, will be deemed excluded (McKinney’s Cons. Laws of N. Y, Book 1, Statutes, § 240). Neither do we find that act within its intendment (See People v. Fuentes, 51 Misc 2d 354, 357; People ex rel. Doty v. Krueger, 58 Misc 2d 428, affd. 32 A D 2d 845, app. dsmd. 26 NY 2d 881).”
*235 Consequently, I must respectfully disagree with the dicta of Judge Midomck in Matter of Ruth “ 8 ” v. George “ 8 ” (supra, pp. 6-7), when he says: “ Without any separate (or intrinsic) intent on the part of a respondent to assault, harass, menace, threaten, recklessly endanger or act in a disorderly manner toward his family, his intent to commit an offense of mere criminal trespass in the presence of his (or her) spouse or family member, particularly if in the household, and if such offensive conduct creates tensions which are usually provocative of disorderliness, assault and the like, such discord is enough to invoke a legislative intent to open 'the door to Family Court help.”
In amending section 812 of the Family Court Act (L. 1969, eh. 736, § 2) the Legislature added to the court’s original jurisdiction of disorderly conduct and assault acts which would constitute harassment, reckless endangerment and attempted assault. In specifically enumerating those additional acts of which the Family Court was given exclusive original jurisdiction, “ an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 240). In the light of this familiar rule of construction, it is vain to try to enlarge the jurisdiction of the Family Court, a court of limited jurisdiction (Family Ct. Act, § 115; Matter of Linda E. v. Gerald F., 67 Misc 2d 43, 45), by seeking “ a legislative intent to open the door to Family Court help ” in esoteric dicta of the Court of Appeals (see Judge Mtoouiok’s analysis of the import of the Court of Appeals decision, People v. Fowlkes, 24 N Y 2d 274, 285, 287 in Matter of Ruth “ S ” v. George “ S ”, supra, pp. 5-7).
The petitioner, nevertheless, argues “that the respondent’s offensive conduct concerning which the court has the children’s testimony shows the tension and discord they have been living under as a direct result of respondent’s deliberate actions ” (emphasis supplied). In urging the necessity for court intervention to restrain the respondent’s “ offensive conduct ”, i.e. “his constant attempts to embroil them (his children) in his spurious refusal to accept the end of his marriage ’ ’ the petitioner quotes lengthy excerpts from People v. Phipps (97 N. Y. S. 2d 845) and makes reference to the provisions of an order of protection issued in Pact v. Pact (70 Misc 2d 100). The cases cited involved neglect and custody proceedings and the general principles of law discussed therein are not particularly gérmane to the issue presented here. Moreover, both cases are clearly distinguishable on their facts which are not even remotely simi *236 lar to the present case. Certainly, neither case is any authority for the proposition that the Family Court has general jurisdiction to issue orders of protection proscribing conduct which the petitioner finds offensive.
Even if one were to concede, for the sake of the argument, that the respondent’s course of conduct was, as the petitioner contends, annoying, disturbing and offensive to the children, this is still not an offense of which the Family Court, in the absence of some other basis for taking jurisdiction such as neglect, abuse or support, can take cognizance. Although article 8 of the Family Court Act is entitled,' ‘ ‘ Family Offenses Proceedings ’ ’ there is simply no such thing in law as a family offense, no matter how offensive the conduct may be to someone’s sensibilities, apart from acts which would constitute disorderly conduct, harassment, menacing, recldess endangerment or assault or attempted assault as those crimes or violations, as the case may be, are defined in the Penal Law.
It is true that once the court has found that the allegations of a petition charging a respondent with having assaulted or attempted to assault, or having engaged in disorderly conduct, harassment, menacing or reckless endangerment are supported by a preponderance of the evidence (Family Ct. Act, § 832), that it may as one of the several authorized dispositions issue an order of protection requiring the respondent “ to abstain from offensive conduct.” The phrase “ offensive conduct” as used in article 8 of the Family Court Act are hardly words of art and are probably as nearly incapable of precise definition as the word “ obscenity ” which has so plagued and bedeviled the United States Supreme Court in its efforts to formulate an all embracive definition of that term. However, to the extent it has to be defined, it is the court, not the petitioner, who defines, delineates and proscribes the “ offensive conduct” in which the respondent may not further engage. Until defined by the court in its order of protection the term “ offensive conduct ” is simply too vague and too susceptible of varying interpretations by persons of varying degrees of sensibility to serve as a standard of conduct, the violation of which will invoke the intervention of the Family Court.
It may very well be that the petitioner and her daughters have suffered some annoyance and emotional distress as the result of the parties’ separation; it may also very well he that the children have found their father’s conduct disturbing and offensive, but if so, all of this is merely the unhappy and unfortunate concomitant of a broken marriage, and, in the absence *237 of a finding that the respondent has engaged in any acts which would constitute harassment as that term is defined in section 240.25 of the Penal Law, affords no legal basis for this court to attempt to set standards for or in any way circumscribe the respondent’s future conduct.
As was said by Judge Jasen of the Court of Appeals in another context but equally applicable here: “ It is basic to our law that the court cannot regulate, by its processes, the internal affairs of the home. As we said more than 30 years ago, [d]ispute [in the family] when it does not involve anything immoral or harmful to the welfare of the child is beyond the reach of the law. The vast majority of matters concerning .the upbringing of children must be left to the conscience, patience and self restraint of father and mother. No end of difficulties would arise should judges try to tell parents how to bring up their children ’ (People ex rel. Sisson v. Sisson, 271 N. Y. 285, 287; see, also, Matter of Seiferth, 309 N. Y. 80; Matter of Jesmer v. Dundon, 29 N Y 2d 5, 9.) ” (Judge Jasen concurring in Matter of Roe v. Doe, 29 N Y 2d 188, 195).
The petition, not being supported by a fair preponderance of the evidence, must be dismissed (Family Ct. Act, § 832). The preliminary order of protection contained in the order to show cause of August 24, 1972 is vacated.