■ In the Matter of CAROLYN OWRE, Respondent, v E. STEWART OWRE, Appellant.—In a proceeding pursuant to article 8 of the Family Court Act, the appeal is from an order of protection of the Family Court, Nassau County, entered November 10, 1975, which, after a hearing, *inter alia,* directed appellant to remain away from the marital residence, except for purposes of visitation with his child, and further directed him to remain away from the Sewanhaka Yacht Club. Order modified, on the law, by deleting therefrom the provisions with respect to the yacht club. As so modified, order affirmed, without costs or disbursements, and proceeding remanded to the Family Court for further proceedings before another Judge with respect to appellant's presence at the yacht club. On September 22, 1975 the appellant was ordered by the Family Court "to reside away from the marital premises and * * * not frequent the Sewanhaka Yacht Club". On August 28, 1976 the appellant visited the club and was asked to leave by the petitioner, who called the police. The appellant left voluntarily, and the parties independently proceeded to the marital residence, where the appellant intended to pick up his mail. An altercation resulted, during which, the petitioner claims, the appellant repeatedly struck her. Thereafter the petitioner commenced the present proceeding, alleging violation by the appellant of the prior protective order. Section 446 of the Family Court Act implicitly authorizes the court to fashion a protective order which meets the needs of a particular situation. However, the attendant factors must be considered thoroughly before such an order is issued *(Matter of Burger v Burger,* 33 AD2d 1035). We agree with that part of the Family Court's order which directed the appellant to remain away from the marital residence, except as noted. We do not agree, however, with that part of the order by which the court prohibited the appellant from entering the private yacht club of which he is a member. The appellant alleges that the parties had agreed to give a certain meaning to the word "frequent" as it was used in the September 22, 1975 order. The court rendered its decision without considering any evidence which might have clarified that meaning. On the remand, the court should develop the facts more fully before issuing any order. Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.