OPINION OF THE COURT
Elrich A. Eastman, J.
Before the court is respondent’s motion to dismiss the family offense petition herein and vacate the temporary order of protection had thereon, on the grounds that: (1) there is a divorce action pending in Supreme Court, New York County, and (2) the Supreme Court has not referred the parties to the Family Court for resolution of the issues raised by petitioner.
Although respondent’s and the court’s research disclose no decisional law, there is statutory authority for the assumption of jurisdiction by the Family Court to entertain a family offense petition after a divorce action has been commenced in Supreme Court. Section 252 of the Domestic Relations Law, entitled “Effect of pendency of action for divorce, separation or annulment on petition for order of protection” provides in pertinent part: “In an action for divorce *** in the supreme court, the supreme court or the family court shall entertain an application for an order of protection or a temporary order of protection by either party. The supreme court may provide in an order made pursuant to this section that the order may be enforced or modified only in the supreme *673 court. If the supreme court so provides, the family court may not entertain an application to enforce or modify such an order of the supreme court.” (Emphasis supplied.)
Section 252 of the Domestic Relations Law was enacted by the Legislature as part of an over-all revision of the laws governing jurisdiction in family offense cases (L 1977, ch 449, § 9). In a memorandum issued by Governor Hugh Carey upon signing this legislation (NY Legis Ann, 1977, p 175), the Governor notes that this legislation is “designed to afford more effective relief to the ‘battered spouse’.”* He further observes (p 176): “Jurisdiction to issue orders of protection will also be given to Supreme Court. Thus, while divorce actions are pending, either Supreme Court or Family Court will have the power, in the appropriate case, to issue such an order.”
The language of section 252 of the Domestic Relations Law clearly permits either court to issue a temporary order of protection where the facts warrant, without necessarily issuing a final order therein. Such timely intervention is contemplated to prevent serious injury pending a final determination of the issues. Thus, it is possible under this section for Family Court to issue a temporary order of protection and Supreme Court a final order of protection based upon substantive review of the facts and circumstances.
Section 828 of the Family Court Act provides for the issuance of a temporary order of protection upon the filing of the petition for a family offense and further states at subdivision 2: “A temporary order of protection is not a finding of wrongdoing.”
In this instance, since the cause of action in the pending divorce is grounded on “the cruel and inhuman treatment of the plaintiff by the defendant” pursuant to subdivision (1) of section 170 of the Domestic Relations Law, the substantive basis upon which petitioner seeks relief in *674 both the Supreme Court and the Family Court is the same. Notwithstanding the clarity of the statutory language of section 252 of the Domestic Relations Law, the Legislature’s grant of concurrent jurisdiction was not intended to give an advantage to one side by allowing the same issues to be litigated in two forums. As the court wisely observed in Matter of Ardis S v Sanford S (88 Misc 2d 724, 727): “Obviously the opportunities for abuse of the statute permitting the issuance of temporary orders of protection on the unilateral testimony of a petitioner who may have a substantial axe to grind, are many *** [Therefore] it is incumbent upon the individual practitioner to use these proceedings where necessary rather than as a wedge to gain advantage in matrimonial proceedings pending elsewhere.”
Accordingly, the within motion is adjourned to February 20,1981, in Intake B, to allow petitioner time to apply to the Supreme Court for the relief sought herein, and the temporary order of protection is hereby continued until that time.

 The “battered spouse” is defined as the “victim of harassment, menacing, reckless endangerment, assault or other similar crime committed by a spouse or other related member of a household”. (Memorandum relating to ch 449, NY Legis Ann, 1977, pp 175-176.)