OPINION OF THE COURT
Ralph Diamond, J.
This appears to be a case of first impression, where a party in a matrimonial action seeks an order of protection against his spouse, based upon the sole ground that she smokes cigarettes in the presence of himself and the children, causing harm to them.
*890 THE FACTS
The plaintiff wife on or about May 22, 1987, commenced an action for divorce on the grounds of cruel and inhuman treatment. An order to show cause for pendente lite relief was served by the plaintiff upon defendant’s attorneys on December 10, 1987. The plaintiff’s pendente lite motion requested many items of relief, including an order of protection against the defendant. The plaintiff further requested that she be granted exclusive occupancy of the marital residence.
On or about January 14, 1988, the defendant brought on an order to show cause in which he seeks an order of protection against the plaintiff prohibiting her from smoking cigarettes in the presence of himself and their children, together with other requests for relief. The plaintiff has filed an affidavit in opposition to the defendant’s cross motion.
The herein court’s decision is solely limited to the defendant’s cross motion for an order of protection against his wife, and no other issue pending between the parties.
DEFENDANT’S ARGUMENTS
The defendant husband is a physician and claims that his wife’s smoking is causing harmful effects upon their children. He describes his wife as a "chain smoker” who smokes at least three packages each day. He claims that she smokes all over the marital residence.
As a physician, he has read and is familiar with the abundance of medical reports and studies that document the adverse effect of "passive smoking” on the health of children and other nonsmokers. In support of his opinion as to the adverse effect of smoking upon others, he has attached to his moving papers over 91 pages of scientific material on the subject.
The defendant relies upon section 240 (3) of the Domestic Relations Law as the section upon which the court is authorized to grant an order of protection in any matrimonial action. He further indicates that the court not only is empowered, but is required to step in and protect the welfare of adults or children wherever they are subjected to any form of harmful or abusive conduct.
PLAINTIFF’S ARGUMENTS
The plaintiff wife states that she is not a "chain smoker” *891 who smokes one cigarette after another. She claims that his statement regarding the extent of her cigarette smoking is ridiculous and untrue. However, she fails to reveal how much she does in fact smoke, nor does she indicate whether she ever smokes in the presence of the children. Contrary to the defendant’s description of her smoking habits, she claims that her cigarette smoking is confined to a small T.V. room on the ground floor of the marital residence. She also indicates that she does not smoke in the upstairs area of the house.
The plaintiff does not dispute the detrimental effects of cigarette smoking, both on the smoker and on those who passively inhale the smoker’s cigarette smoke. Nevertheless, she vigorously disputes the defendant’s allegations as to the causative relationship between her cigarette smoking and the children’s respiratory problems.
THE LAW
Sections 240 and 252 of the Domestic Relations Law authorized the court in any matrimonial action to issue an order of protection. A detailed review of each of these statutes reveals that neither one provides any standards for determining whether an order of protection should be granted by a Supreme Court Judge in a matrimonial action.
Alan D. Scheinkman points out in his Practice Commentary (McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C240:30, at 644, C252:l, at 843) annexed to each of the above statutes, that while neither of the statutes expressly provide standards to be employed in granting orders of protection, it would appear that the substantive law to be applied is that supplied by article 8 of the Family Court Act.
Sections 812 and 821 of the Family Court Act set forth and enumerated the types of crime or violations that would constitute a "family offense”. They are as follows: disorderly conduct, harassment, menacing, reckless endangerment, assault in the second degree, assault in the third degree, attempted assault between spouses or former spouses, or between parent and child or between members of the same family or household.
Douglas J. Besharov, in his Practice Commentary following section 812 of the Family Court Act (McKinney’s Cons Laws of NY, Book 29A, Part 1, at 133), stated the following: "Although the purpose of Article 8 [Family Court Act] is to provide a civil, non-criminal alternative to a criminal prosecution, only *892 the designated forms of criminal conduct trigger Family Court jurisdiction.”
This court is in full agreement with Judge Hugh R. Elwyn’s statement contained in his decision in Di Donna v Di Donna (72 Misc 2d 231, 236): "Although article 8 of the Family Court Act is entitled, 'Family Offenses Proceedings’ there is simply no such thing in law as a family offense, no matter how offensive the conduct may be to someone’s sensibilities, apart from acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment or assault or attempted assault as those crimes or violations, as the case may be, are defined in the Penal Law.”
The law is well settled that a Justice of the Supreme Court or Judge in the Family Court in deciding whether or not to grant an order of protection must limit himself to the enumerated crimes or violations listed in section 812 of the Family Court Act as more specifically set forth in the following sections of the Penal Law: disorderly conduct (§ 240.20), harassment (§ 240.25), menacing (§ 120.15), reckless endangerment (§§ 120.20, 120.25), assault in the second degree (§ 120.05), assault in the third degree (§ 120.00), and attempted assault. A request for a temporary or final order of protection in the Supreme or Family Court which fails to allege any of the above-enumerated crimes or violations must be dismissed. In a like manner, if the party requesting an order of protection properly alleges but fails to establish by a fair preponderance of the evidence that the acts constituted a violation of any of the enumerated crimes or violations, the court may not grant an order of protection. (See, Peters v Peters, 100 AD2d 900; Hayes v Hayes, 131 Misc 2d 317; Di Donna v Di Donna, 72 Misc 2d 231, supra; Rose v Rose, NYLJ, Nov. 11, 1987, at 16, col 4.)
THE ORDER OF PROTECTION
A temporary or final order of protection is a unique type of court order. The order requires a person to perform or refrain from doing a specified act or acts. Section 168 of the Family Court Act requires the clerk of the court to issue a copy of the order of protection to all parties affected by the order. It also requires the clerk to file the order with the Sheriff or police department in the county in which the petitioner resides, works or goes to school. The presentation of a copy of an order of protection to any peace officer shall constitute the authority *893 to arrest a person charged with violating the terms of the order and bring the person before the court. It further authorizes a police officer, so far as it lies in his or her power, to aid in securing the protection the order was intended to afford.
History of the use and effect of the temporary or final order of protection has resulted in criticism from both parties. The person in whose favor the order of protection was granted complains that the peace officers are reluctant to enforce the order. On the other hand, the person who is ordered to perform or restrain his or her actions, pursuant to the terms and conditions of the order, protests that the other person is using the order of protection not as a shield but as a means of punishment and gaining leverage in a pending matter.
Douglas J. Besharov, in his Practice Commentary following section 168 of the Family Court Act (McKinney’s Cons Laws of NY, Book 29A, Part 1, at 131-132), makes reference to this problem as follows:
"Ordinarily, the police might be reluctant to become involved in a family dispute — especially if no criminal conduct is apparent. The order of protection, however, is meant to encourage police involvement because: (1) it is immediate evidence of the court order, and (2) it clarifies police powers and responsibilities in family matters.
"Unfortunately, experience in many areas of the state seems to indicate that these certificates have had only limited success in encouraging police responsiveness; even with this section’s specific grant of authority and responsibility, the police still view many family disputes as having minor importance and are reluctant to become involved. [See, e.g., Baker v. City of New York, 25 A.D.2d 770, 269 N.Y.S.2d 515, 517 (2nd Dept., 1966), in which a police officer 'refused to take action against the husband, even though the certificate of the order of protection was shown to him . . ., saying that the certificate was "no good” and only a "piece of paper.” ’] But to be fair, police reluctance to enforce orders of protection is, in part, caused by the knowledge that the court process is sometimes abused by angry spouses.”
In addition to a party being arrested as a result of an alleged violation of the order of protection, the accused may be fingerprinted and held in jail pending an appearance in court.
Furthermore, this court wishes to point out that police officers and District Attorneys are charging the accused party *894 with the crime of criminal contempt in the second degree (Penal Law § 215.50 [3]), even in cases where the complainant has exercised the option to pursue the violation of the order of protection in the Family or Supreme Court (depending upon which court issued the order). This procedure has recently been upheld in People v McGraw ( NYLJ, Feb. 8, 1988, at 35, col 2).
Therefore, even if all the parties agree that their domestic problems should be resolved in a civil proceeding in the Family or Supreme Court, the police and District Attorney have the authority to arrest, fingerprint and charge the alleged violator of an order of protection, with the crime of criminal contempt.
The purpose of the legislators in adopting article 8 of the Family Court Act was to provide families a civil, noncriminal alternative to a criminal prosecution (see, Family Ct Act § 847). This court urges the State legislators to amend the law to make certain that its original purpose is implemented. Failure to do so may result in a chilling effect upon those who desperately need the order of protection but do not wish the other party placed in jail or to have to incur large sums of money defending against a criminal charge.
In summary, the court’s vast experience with orders of protection finds the order to be an essential tool designed to protect family members from domestic violence.
FINDINGS OF FACT
The court in reviewing the defendant’s request for an order of protection finds that the sole grounds for the request is that the plaintiff wife’s cigarette smoking is offensive and detrimental to the health and welfare of the defendant and the children. At no time does he allege that cigarette smoking is a crime or a violation of any section of the Penal Law nor does he allege that she has committed any acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses as enumerated in section 812 of the Family Court Act.
The plaintiff wife does not dispute the detrimental effects of smoking on both the smoker and those who passively inhale the smoker’s cigarette smoke. She claims that she only smokes in a small T.V. room located on the ground floor of the marital residence. The court makes no finding as to the *895 number of cigarettes she does smoke, nor any finding as to whether she smokes in the presence of the children or the husband.
CONCLUSIONS
The defendant husband has failed to allege that cigarette smoking is a crime or violation of any section of the Penal Law and further has failed to allege that the acts of the plaintiff wife violated any enumerated crime or violation listed in section 812 of the Family Court Act.
The Legislature in its wisdom limited the granting of orders of protection only to those specific crimes or violations enumerated in section 812 of the Family Court Act. The Legislature never intended to grant the court the power to issue an order of protection against a spouse for smoking in the marital residence which could result in her being arrested, fingerprinted, held in jail awaiting appearance before a court and being forced to defend against a criminal charge of criminal contempt. The court must abide by the law and not grant an order of protection on the ground, as urged by the husband, that smoking cigarettes may be "as detrimental and reprehensible to the husband and children as would be hitting, slapping, punching or spitting.” The defendant’s cross motion for an order of protection is therefore dismissed.
The defendant’s prayer for relief also requested that the court grant the defendant such other further and different relief as the court may deem just and proper.
Despite the fact that the court has denied the defendant’s request for an order of protection for the reasons stated above, it does have the inherent power in matrimonial matters to issue orders safeguarding the health and safety of the defendant and the children. Therefore, in view of the fact that (a) the plaintiff mother agrees that cigarette smoking is detrimental to the health of the smoker and on those who passively inhale the smoker’s cigarette smoke, and (b) she has been limiting her smoking to a particular part of the marital residence, the court will issue a temporary order restricting her cigarette smoking habit.
In view of the court’s finding that the defendant never set forth proper allegations in his moving papers and the plaintiff’s admission as to the effects of cigarette smoking, there are no remaining issues that require a hearing.
*896 ORDERS
It is hereby ordered, that the defendant’s cross motion for an order of protection pursuant to section 240 (3) of the Domestic Relations Law is denied, and it is further,
Ordered, that temporarily, until further order of this court, the herein plaintiff wife shall refrain from smoking cigarettes in close proximity to the children or the defendant, and it is further,
Ordered, that temporarily, until further orders of this court, the herein plaintiff mother confine her cigarette smoking in the marital residence to the small T.V. room located on the ground floor of the house provided that none of the children are present in the room at that time, and it is further,
Ordered, that the presentation of a copy of this order to any peace officer shall not constitute any authority for said peace officer to take the plaintiff into custody or detain her for any alleged violation of this order.
This temporary order is not an "order of protection” as defined in article 8 of the Family Court Act and is granted without any finding of wrongdoing on the part of either party and further it is granted without any prejudice against either party in any matter now pending or brought in the future, in this or any other court.
This is the order of the court on the sole issue relating to the defendant’s request for an order of protection. No further order need be entered.