■ In the Matter of Iris M. Ross, Appellant, v Jerome Ross, Respondent.—In a proceeding pursuant to Family Court Act article 8 to modify an order of protection issued upon consent on May 5, 1987, the petitioner wife appeals from so much of an order of the Family Court, Nassau County (Capilli, J.), entered March 31, 1988, as, after a hearing, dismissed the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 5, 1987, an order of protection was issued by the Family Court, Nassau County, on consent and without an admission of any wrongful conduct by the respondent. The order directed the respondent to abstain from committing any acts of disorderly conduct, harassment, menacing, reckless endangerment, assault or attempted assault against the petitioner. The application at issue on this appeal sought a modification of the order of protection to add a provision ordering the respondent to remain away from the marital residence because he had committed a family offense within the meaning of Family Court Act article 8 *(see,* Family Ct Act § 812 [1]; § 821 [1]). At the time of the hearing in Family Court a divorce action between the parties was pending. Significantly, the petitioner's application in the divorce action for the temporary exclusive occupancy of the marital residence had been denied. Upon renewal, the order denying the petitioner exclusive occupancy of the marital residence was sustained. In denying the application, the Supreme Court found no evidence that the respondent would endanger the safety or welfare of the petitioner.

Upon our review of the record, we find the petitioner failed to demonstrate by a fair preponderance of the evidence *(see,* Family Ct Act § 832) that the acts of the respondent violated any of the enumerated crimes or violations listed in Family Court Act § 812 *(see, Roofeh v Roofeh,* 138 Misc 2d 889; *Hayes v Hayes,* 131 Misc 2d 317; *Di Donna v Di Donna,* 72 Misc 2d

231). Accordingly, the Family Court properly refused to expand the prior order of protection to direct the respondent to remain away from the marital residence (cf., *Merola v Merola,* 146 AD2d 611; *Kilmer v Kilmer,* 109 AD2d 1007). Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.