OPINION OF THE COURT
Zelda Jonas, J.
The following constitutes a decision of the husband’s opposition to the issuance of the temporary order of protection and the wife’s application, inter alia, to convert the temporary order of protection to a permanent order of protection.
Procedural History
The parties were married at a civil ceremony in New York on June 18, 1998. The parties are Sunni Muslim, and the marriage was arranged between the families. The religious ceremony was performed on July 10, 1998. The wife, who is the defendant in the divorce proceeding, left the marital residence within 48 hours of the religious ceremony and never returned.
Plaintiff husband filed a summons with notice in Supreme Court on July 29,1998 to annul the marriage based upon fraud. Defendant wife filed a verified answer and counterclaim dated November 6, 1998 seeking a divorce upon the ground of cruel and inhuman treatment. The defendant wife’s counterclaim contains allegations which, if true, may rise to the level of spousal abuse. In addition, the wife counterclaims for money damages in the sum of $21,000 for plaintiff’s failure to abide by a religious wedding contract, referred to as a “Mehr agreement”, defendant’s share of the wedding gifts, monies expended by defendant’s family for a “lavish” wedding, return of defendant’s jewelry, and the award of counsel fees.
In regard to defendant wife’s allegations of suffering, abuse, and violence by her husband on their wedding night, defendant filed a petition for an order of protection in the Court of Common Pleas in Delaware County, Pennsylvania, on August 20, 1998. The petition was withdrawn by the defendant wife on September 17, 1998, and the court issued an order stating that the withdrawal was with prejudice to the defendant. Defendant wife had also filed a criminal complaint against the plaintiff husband for the crime of harassment in the Court of Common Pleas of Delaware County, Pennsylvania. A preliminary hearing was held before the Honorable Vincent D. Gallagher, Jr., on December 7, 1998. The defendant wife appeared pro se, while the plaintiff husband was represented by counsel. *396 The Honorable Vincent D. Gallagher, Jr., dismissed the criminal complaint since the defendant failed to prove a prima facie case that a crime was committed and that the husband had committed the crime charged. Defendant wife obtained an order of protection in Family Court in Queens County, New York, on September 21, 1998 which was subsequently dismissed by that court on December 10, 1998 since a matrimonial proceeding was pending in Supreme Court, Nassau County, before the Honorable Joseph Goldstein. The next day, December 11, 1998, the defendant wife submitted an order to show cause ex parte to the Supreme Court, Nassau County, requesting a temporary order of protection against the plaintiff husband, which was assigned to Justice Cozzens due to the unavailability of Justice Goldstein. The affidavit by the wife in support of the order to show cause contained substantially, in sum and substance, the same allegations of abuse and domestic violence averred in the counterclaims. In addition, the defendant wife claimed that plaintiff husband had violated a previous temporary order of protection without making reference to the date issued and the name of the court and Judge who issued the order.
The defendant’s application was granted, and the temporary order of protection was issued by Supreme Court Justice R. Bruce Cozzens. The order was to expire on December 16, 1998, the date the case was scheduled to appear before this court. On that date, counsel for the defendant wife submitted an application to be relieved, pursuant to CPLR 321, which was granted by the order of his court on December 23, 1998. The action was stayed until January 15, 1999 in order to allow defendant wife to obtain an attorney. The temporary order of protection issued by the Honorable R. Bruce Cozzens on December 11, 1998 was extended by this court until January 15, 1999 over the objections of plaintiffs counsel, Peter Panaro, Esq. Plaintiffs counsel requested a hearing on the record and sought to vacate the temporary order of protection issued by Justice Cozzens upon the ground that the allegations by the wife were contrived and fabricated in order to have his client repeatedly arrested on false allegations of violation of the temporary order of protection. Plaintiff husband is a neurologist, and counsel claimed that his client’s ability to care for his patients is severely impaired by his wife’s conduct.
This court has extended the temporary order of protection several times until a hearing could be held on plaintiffs application to vacate the temporary order of protection. The temporary order of protection is currently extended to May 17, 1999 by order of this court dated February 23, 1999.
*397 This court commenced a hearing on January 22, 1999. The defendant wife appeared with counsel. The defendant wife is hereinafter referred to as the petitioner for the purposes of the hearing and decision on the application for a temporary order of protection, and the plaintiff husband is the respondent. The hearing continued on January 27, 1999, February 3, 1999, February 8, 1999, February 11, 1999, February 17, 1999, and February 23, 1999. On March 3, 1999, at the close of petitioner’s case, the respondent husband informed the court that he would consent to the court’s issuance of the temporary order of protection. However, petitioner stated on the record that she wanted respondent to testify at the hearing and sought a court determination on the merits of the allegations made by the petitioner. Also, petitioner wife made a belated request to the court, for the first time, to convert the hearing for a temporary order of protection into a hearing for a permanent order of protection.
Domestic Relations Law § 252 gives very little substantive law and guidance for the procedural devices to be utilized when a party’s motion for a temporary order of protection is contested in a pending divorce proceeding. Subdivision (4) of Domestic Relations Law § 252 states that a temporary order of protection may be issued upon the court’s own motion or, where a motion for such relief is made to the court, for good cause shown. This portion of the statute seems to contemplate the issuance of a temporary order of protection upon an ex parte motion since it precludes the provisions of subdivision (4) of Domestic Relations Law § 252, applicable to orders of protection, requiring a court finding on the record. However, the court can find guidance under the statutory provisions of article 8 of the Family Court Act relating to temporary orders of protection involving allegations of domestic violence, which are far more extensive and instructive regarding the court procedures and substantive law for the issuance of temporary orders of protection (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C240:30; see, Roofeh v Roofeh, 138 Misc 2d 889; Matter of Arlyn T. v Harold T., 107 Misc 2d 672).
Applications for temporary orders of protection are commonplace in Family Court and are usually issued prior to the commencement of a matrimonial proceeding in Supreme Court.
Prompt issuance of a temporary order of protection often is needed to deal with dangerous and potentially explosive situations. The applicant requesting a temporary order of protec *398 tion, pursuant to Family Court Act § 828, is entitled to file a petition without delay. The applicant must show “good cause” before the court may issue an order of protection (Family Ct Act § 828 [1] [a]). Although no hearing is explicitly required by section 828 of the Family Court Act, the Practice Commentaries to section 828 suggest that it would be error not to issue a temporary order of protection without a full judicial inquiry upon demand by the respondent (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 828; see, Matter of Owre v Owre, 60 AD2d 604). “If the order is made ex parte, which is common practice, the party against whom the order is made should be given a hearing to reconsider the order * * * unless the case is presently coming to trial” (Besharov, op. cit., at 232; see, Peters v Peters, 100 AD2d 900).
The courts have long recognized the opportunities for abuse of ex parte applications made permitting the issuance of temporary orders of protection on the unilateral testimony or affidavit of a petitioner who may have a substantial axe to grind (Roofeh v Roofeh, supra; Matter of Arlyn T. v Harold T., supra). Consequently, where the allegations by the petitioner are disputed as being contrived and suggest that the petitioner is seeking to manufacture instances of spousal misconduct, a hearing should be held in order to ensure that the court process has not been impermissibly invoked as a sword rather than a shield. (See, Chieco v Chieco, 170 AD2d 569.)
In the instant proceeding, an immediate hearing was necessary due to the allegations made by the respondent husband, a neurologist, that the lives of his patients are in constant jeopardy since petitioner has had him arrested pursuant to the temporary order of protection. At the conclusion of the petitioner’s case, the respondent’s counsel consented to the issuance of the temporary order of protection which is to remain in effect until December 15, 1999. The argument by the petitioner wife that the respondent must continue with the hearing and present witnesses until a final factual determination by the court is without merit. The court can make a finding that the petitioner is entitled to the issuance of the temporary order of protection based upon a judicial finding that the party against whom the order is issued has given knowing, intelligent, and voluntary consent to its issuance. Such a finding by the court is allowed in determining the issuance of an order of protection, pursuant to Domestic Relations Law § 252 (4), and the court does not see why it should not also be applicable to a judicial finding on the issuance of a *399 temporary order of protection based upon the consent of the opposing party. Furthermore, judicial economy mitigates against the continuance of the hearing since it would only result in a further delay of trial.
A judicial finding that the husband consents to the issuance of the temporary order of protection does not collaterally estop the wife from litigating her counterclaims on grounds for divorce. The temporary order of protection is an intervention device to prevent the serious injury of a party (Matter of Arlyn T. v Harold T., supra). The temporary order of protection is not a finding of wrongdoing (Family Ct Act § 828 [2]). It does not resolve the litigation on the grounds for a divorce or annulment.
The respondent husband has voiced his consent to the issuance of the temporary order of protection through his attorney, Peter Panaro, Esq. This is not satisfactory to the court. The respondent will have to allocute, under oath, that he is knowingly, intelligently, and voluntarily consenting to the issuance of the order of protection.
Petitioner’s belated request to convert petitioner’s application for a temporary order of protection to an order of protection is denied. The court has the discretion to wait until a final judgment in the matrimonial action before issuing an order of protection (Domestic Relations Law § 252 [3]). The issues of spousal abuse alleged by the petitioner will be revisited during the trial with the same witnesses since the allegations are also contained in her counterclaim for divorce upon the ground of cruel and inhuman treatment. Additionally, the respondent’s anticipated defense is mirrored in his action for annulment based upon fraud contained in his complaint. In order to avoid a duplication of litigation, the court finds that a continued hearing to determine the issuance of an order of protection is unnecessary, and it will only prolong petitioner’s right to an expedient trial.