■ In the Matter of SANIA HASSAN, Appellant, v HASSAN HABIB, Respondent. [27 NYS3d 174]—

Appeal from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated August 11, 2014. The order granted the respondent's motion to dismiss the petitioner's family offense petition and vacated a temporary order of protection dated May 16, 2014.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for the issuance of a new temporary order of protection and for further proceedings on the petition.

By family offense petition dated May 16, 2014, the petitioner sought an order of protection against the respondent, who is her husband, alleging that, during an argument, he had slapped her and hit her arm with a glass bottle. The Family Court issued a temporary order of protection against the respondent, directing him to stay away from the petitioner and the marital residence.

The petitioner appeared in court and stated that she intended to file for divorce. Thereafter, in July 2014, her attorney told the Family Court that there was a matrimonial action pending. The court suggested that the petitioner apply in the Supreme Court for an order of protection, because the Supreme Court could provide a prompt hearing. The Family Court adjourned the matter for two weeks to give the petitioner an opportunity to make such an application, and warned that "I may dismiss [this proceeding] because there's a matrimonial pending, and I'm adjourning the matter to allow the parties ample time to make this application in Supreme Court pursuant to the Domestic Relations Law."

On the next court date, the respondent moved to dismiss the petition on the ground that there was a pending matrimonial action in Supreme Court. The petitioner opposed the motion to

dismiss, arguing that there was no statutory requirement that the matter be dismissed on the ground that there was a matrimonial action pending in the Supreme Court. The Family Court granted the motion, dismissed the petition, and vacated the temporary order of protection.

Domestic Relations Law § 252 (1) provides that in a matrimonial action, both the Supreme Court and the Family Court "shall" entertain applications for orders of protection. Where a matrimonial action is pending in the Supreme Court, the Family Court continues to have jurisdiction over a family offense proceeding (*see Chieco v Chieco*, 170 AD2d 569 [1991]; *Matter of Ross v Ross*, 152 AD2d 580 [1989]), although the Supreme Court in a matrimonial action may also adjudicate whether a spouse has committed a family offense (*see Amato v Amato*, 133 AD3d 695 [2015]; *Jennifer JJ. v Scott KK.*, 117 AD3d 1158 [2014]; *see also Matter of Weiner v Spinner*, 131 AD3d 1175 [2015]).

In the instant case, the commencement of the matrimonial action was not a ground to dismiss the family offense proceeding commenced in the Family Court, which should have been adjudicated on the merits, since it was commenced in a proper forum. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.