V.A. v L.S. (2023 NY Slip Op 51477(U))

[*1]

V.A. v L.S.

2023 NY Slip Op 51477(U)

Decided on April 13, 2023

Family Court, Kings County

Waksberg, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 13, 2023
Family Court, Kings County

V.A., Petitioner,

against
L.S., Respondent.

Docket No. O-xxxxx

Petitioner — Barbara Kryszko, Esq. 
Respondent — Pro Se
Attorney for the Child L. — Inyoung Suh, Esq.
Attorney for the Child O. — Devian Daniels, Esq.

Judith Waksberg, J.

On or about January 12, 2023, Counsel for the Petitioner V. A. ("Petitioner") filed an Order to Show Cause in Kings County Family Court requesting that Family Court extend a Final Order of Protection issued by the Integrated Domestic Violence ("IDV") Part in Kings County in favor of the Petitioner and her children for an additional five years. The Final Order of Protection at issue was granted by the Hon. Esther Morgenstern in IDV on February 6, 2018, after a hearing, upon default of Mr. S. ("Respondent"), and was set to expire on February 6, 2023.
On January 12, 2023, this Court signed the Order to Show Cause, granted interim relief extending the Order of Protection to January 24, 2023. The Court also directed that answering papers were to be served by January 23, 2023, and Reply papers by January 24, 2023.[FN1]

On January 24, 2023, Petitioner appeared with Counsel and both attorneys for the [*2]Children O. and L. appeared. The Respondent appeared and requested to proceed pro se. He also requested to file his response and a cross motion to dismiss, definitively stating he could file it the same day. Given Respondent's statement under oath, the Court directed that Petitioner's Reply was due February 1, 2023. Counsel for the child L. supported the extension of the Order of Protection. Counsel for the child O. stated O. is not afraid of his father and only asked that this Court's order be subject to Orders of Visitation. The Court continued the Temporary Order of Protection in favor of Petitioner and the children to February 28, 2023, the date the Court intended to issue its written decision. The Temporary Order of Protection was subject to court-ordered parenting time.
On or about February 9, 2023, over two weeks after the January 24th appearance, Respondent filed a Cross Order to Show Cause (Motion #2) requesting Motion #1 be dismissed with prejudice or in the alternative that the instant matter be consolidated with NY Supreme Court Divorce Trial Index No. XXX/2017, currently pending in front of Hon. Theresa M. Ciccotto. This Court signed Motion #2 and directed Response papers be submitted on February 15, 2023 and any Reply was due on February 21, 2023. The matter was made returnable for February 28, 2023
On or about February 15, 2023, Counsel for Petitioner and Counsel for the child L. timely submitted Opposition papers to Respondent's application to Dismiss the instant action. Counsel for the child O. did not submit a response. On February 27, 2023, on the eve of this Court issuing its decision and at least 5 days after a Reply was due, Respondent requested an additional 24 to 48 hours to complete his Reply. Over Counsel for the Petitioner's objection, the Court granted Respondent until 5:00pm on March 2, 2023 to reply. On March 2, 2023, the Court received Respondent's papers which provided his rendition of the history of the instant matter and re-stated his request for the Court to dismiss this matter on the basis of forum shopping.

 A Hearing is Required in this Case on the Request for an Extension of the Order of Protection
Family Court Act §842 gives the Family Court the ability to grant extensions of Orders of Protections upon motion for a reasonable period of time upon a showing of good cause. Examples of "good cause" may include but are not limited to the following: the nature of the relationship between the parties (current and past); the circumstances leading up to the entry of the initial order of protection and the state of the relationship when the extension is requested; the frequency of interaction between the parties; any subsequent instances of domestic violence or violations of the existing order of protection; and whether the current circumstances cause concern for the safety and well-being of the petitioner. Malloy v. Malloy, 137 AD3d 47 (2nd Dept. 2016) citing MacPherson v. Weiner, 158 N.H. at 11, 959 A.2d at 211. Family Court Act §842 states that an extension of an order of protection may be granted even if no abuse has occurred during the pendency of an order.
The Second Department has approved the extension of orders of protection both without a hearing and after a hearing. Malloy v. Malloy, 137 AD3d 47 (2nd Dept. 2016) (reversing family court's dismissal of an extension of a two-year order of protection for an additional five years finding that no hearing was needed for the requested extension and the affidavits and Domestic Incident Reports attached to the motion were sufficient to warrant the extension); Lashlee v. Lashlee, 169 AD3d 683 (2nd Dept. 2019)(upholding an extension of a two-year order of protection for an additional five years after a hearing in which good cause was found because the father interfered with the mother's peaceful existence during the period of the order of protection); Jacobs v. Jacobs 167 AD3d 890 (2nd Dept. 2018) (affirming extension of two-year order of protection for five more years after hearing despite there being no direct contact between the parties); Mejia v. Stubbs, 161 AD3d 1162 (2nd Dept. 2018) (upholding an extension of a five-year consent order of protection for an additional two years after a hearing).
On February 16, 2018, Judge Morgenstern in IDV completed the hearing in which the Respondent defaulted. Judge Morgenstern entered a five-year final order of protection against [*3]the Respondent in favor of the Petitioner and the children. Subsequent to issuing her decision, Judge Morgenstern recused herself. Thus, the Court which originally heard the testimony at trial is no longer available to make a good cause determination. Moreover, the Petitioner's application contains several alleged violations, including direct and indirect contact that, if proven at trial, would amount to violations on the existing Order of Protection. A hearing is therefore required for this Court to determine whether good cause exists to extend the Order of Protection. 
In addition, Family Court Act § 828 gives this Court the authority to issue Temporary Orders of Protection upon a showing of "good cause" and in determining good cause, the Court shall consider, but not be limited to, whether the temporary order of protection is likely to achieve its purpose and to consider "conduct subject to prior orders of protection, prior incidents of abuse, extent of past or present injury, threats, drug or alcohol abuse, and access to weapons." Considering the allegations in Petitioner's motion in the light most favorable to Petitioner, as the Court is required to do, she has established good cause for the issuance of a temporary order of protection. Thus, until a decision is reached on the merits, the Temporary Order of Protection on behalf of the Mother and the children, as issued from the underlying order, will be continued until further order of the Court. 

As Concurrent Jurisdiction Exists for the Family Court to Hear Applications for 
 Orders of Protection Despite there being a Pending Matrimonial Action in NY Supreme 
 Court, Respondent's Motion to Dismiss Must be Denied
NY Domestic Relations Law § 252 bestows jurisdiction upon either Family Court or Supreme Court to hear and determine applications for an order of protection despite the existence of a pending matrimonial action in Supreme Court. The plain language of the statute permits the complainant to choose in which Court to file for the requested protection. The Second Department has stated in no uncertain terms, "[w]here a matrimonial action is pending in the Supreme Court, the Family Court continues to have jurisdiction over a family offense proceeding. Hasan v. Habib, 137 AD3d 910, 911 (2nd Dept. 2016). This is the case both when there is a pending Supreme Court matrimonial action at the time the Family Court Order of Protection was sought and when there was an order of protection sought immediately before the matrimonial action was commenced. See Hasan v. Habib, 137 AD3d 910 (2nd Dept. 2016) (reversing Family Court's dismissal of an application for an Order of protection which was sought immediately before the filing of a matrimonial action in Supreme Court finding the commencement of the matrimonial action was not a ground for dismissal of the order of protection); Ross v. Ross, 152 AD2d 580 (2nd Dept. 1989) (upholding Family Court's jurisdiction to hear a petition to modify an order of protection despite there being an existing divorce matter in Supreme Court at the time of the hearing). 
In addition to NY Domestic Relations Law § 252, the plain language of NY C.P.L.R. § 3211, particularly subsection (4) which the Respondent highlights in his motion, addresses only "the same cause of action" pending between the same parties. NY Supreme Court is currently hearing a divorce matter, not a matter involving an order of protection. NY C.P.L.R. § 3211(4) also gives this Court discretion to hear the matter and "make such order as justice requires." Thus, Respondent's Motion to Dismiss is denied.

Motion to Consolidate to NY Supreme Court has Improperly been Raised as a 
 Matter for Kings County Family Court to Decide
NY C.P.L.R. § 602 governs consolidation amongst Courts in New York State. Consolidation may be granted where actions have common questions of law or fact but when these actions are in different Courts, only Supreme Court can remove cases from a county court such as Kings County Family Court to join the pending matter in Supreme Court. NY CPLR § 602(b). Thus, even if this Court agreed with the Respondent that Consolidation was appropriate, this Court cannot, as Respondent requests, "consolidate it upstream" as this Court lacks the ability to do so. The application to consolidate has been improperly requested of this Court and must be brought in NY Supreme Court.
Respondent contends the majority of the information that will be litigated with respect to this motion involves issues and events relevant to the divorce action pending in front of Judge Ciccoto in NY Supreme Court. However, contrary to Respondent's contention, there is no action currently pending in NY Supreme involving an order of protection in favor of the Petitioner and the Children. 
It is therefore ORDERED:
Petitioner's motion (Motion #1) is granted in part. A hearing will be scheduled to determine whether there is good cause to continue the Order of Protection. Until then the Temporary Order of Protection is continued until there is a determination at the conclusion of the hearing. Respondent's cross motion (Motion #2) is denied in its entirety for reasons stated above.The hearing will be held in Kings County Family Court Part 3 and will be scheduled forthwith. 
Notify parties and counsel.
Dated: April 13, 2023
Brooklyn, New York
Hon. Judith Waksberg

Footnotes

Footnote 1: On January 24, 2023, Mr. S. emailed the Court and Counsel at 1:45 am his response to Petitioner's Order to Show Cause but failed to file the documents in Court.