OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a child abuse proceeding brought by the Oneida *764 County Department of Social Services pursuant to Family Court Act article 10. The respondent has moved to dismiss the petition upon the grounds that the court lacks jurisdiction of the petition since the alleged incidents transpired outside the State of New York.
The petition filed in this court on May 14, 1986, alleges that the child, Chrissy E., born April 26, 1973, has been abused by her father, the respondent. The petition alleges that the respondent committed a sex offense against the child. The petition is supported by the affidavits of the child and her mother. The affidavits state that all of the incidents occurred in either Germany or the State of Michigan.
The respondent has moved to dismiss the petition upon the grounds that the Family Court of the State of New York lacks jurisdiction to consider any acts which occurred outside the State of New York, and since all of the alleged acts occurred outside the State of New York, the petition should be dismissed.
Respondent cites no statutory or case law in support of his motion.
In order for a court to entertain a proceeding, the court must have jurisdiction. The term jurisdiction encompasses two distinct requirements:
1) Jurisdiction of the subject matter; and
2) Jurisdiction over the person.
i
Jurisdiction of the subject matter refers to the nature of the proceeding. The proceeding must be of the type and nature that that court may entertain.
The Family Court of New York State is a court of limited subject matter jurisdiction, the jurisdiction of which is limited to that prescribed by statute. Family Court Act article 10 gives to the Family Court jurisdiction over child abuse proceedings (Family Ct Act § 1013). However, neither that article nor any other provision of the Family Court Act limits the jurisdiction of the Family Court in such proceedings to those in which the acts are alleged to have occurred within the State of New York, nor does it appear that there are any other statutes which so limit the Family Court’s jurisdiction.
Child protective proceedings are considered civil and not criminal (Matter of Katherine C., 122 Misc 2d 276; Matter of *765 Maureen G., 103 Misc 2d 109; Matter of Diane B., 96 Misc 2d 798; Matter of Linda O., 95 Misc 2d 744). Thus, the statutory requirements on New York courts entertaining prosecution of persons accused of having committed criminal acts outside the State of New York (CPL 20.20, 20.30) are inapplicable to child protective proceedings which are not governed by the CPL.*
Thus, we conclude that the New York State Family Court has subject matter jurisdiction of child protective proceedings whether the alleged acts occurred within or without the State of New York.
II
The court must also have jurisdiction over the person of the respondent.
Respondent was personally served with a summons and a copy of the petition within the State of New York.
It has long been held that personal service of a summons with notice of the proceedings upon a person within the State is sufficient to give that State personal jurisdiction over that person and fulfills the requirements of due process. (Pennoyer v Neff, 95 US 714; see also, Siegel, NY Prac, at 60-61.)
Thus, since respondent was served with a summons and petition within the State of New York, he is subject to the jurisdiction of the Family Court of the State of New York.
Therefore, respondent’s motion to dismiss is denied.

 Family Court Act § 165 provides that where the method of procedure in any proceeding in which the Family Court has jurisdiction is not proscribed by the Family Court Act the CPLR shall apply to the extent appropriate. This underscores the contention that child protective proceedings are civil and not criminal and the CPL is inapplicable.