In the Matter of STANLEY R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; FERNANDO R., Respondent.

Second Department, June 19, 1989

## APPEARANCES OF COUNSEL

*E. Thomas Boyle, County Attorney (Jeffrey A. Adolph* of counsel; *Richard Alan Epstein* with him on the brief), for appellant.

*Martin J. Teitelbaum (Rosemarie Brautigam* on the brief), for respondent.

*John F. Middlemiss, Jr. (Susan D. Ambro* of counsel), *Law Guardian,* on behalf of the child.

### OPINION OF THE COURT

BRACKEN, J. P.

This proceeding pursuant to Family Court Act article 10 was dismissed by the Family Court, Suffolk County, on the ground that it lacked subject matter jurisdiction because the child who is the subject of the proceeding was not alleged to be present in the State of New York. On this appeal by the petitioner, we reverse the order and reinstate the petition.

I

This proceeding was brought in the Family Court, Suffolk County, pursuant to Family Court Act article 10, based upon the petition of an officer of the Suffolk County Department of Social Services dated December 2, 1988. A copy of this petition together with a summons which commanded him to appear before the Family Court on December 9, 1988, was served upon the respondent Fernando R. on December 7, 1988.

According to the allegations of the petition, the respondent Fernando R. is the father of Stanley R., a child under the age of 18 years of age. The child's father and his mother, Teresa R., are alleged to be the persons legally responsible for the care of the child. The father and mother allegedly reside in East Islip, Suffolk County, New York.

The petition further avers that the father neglected his son. Specifically, it is alleged that in July 1988 the father brought his son to a military garrison located in San Miguel, El Salvador, "in the midst of a war zone without making provisions for the child's custody or care". This information is based upon statements made by an officer of the United States Embassy in El Salvador. It is further alleged that in November 1988 the father refused to cooperate in efforts to have his son returned to the United States, and that he provides no financial support for his son.

On December 9, 1988, the father appeared in the Family Court, Suffolk County, with an attorney who voiced an objection to the court's subject matter jurisdiction. Following an extended colloquy, the court reserved decision, and the matter

was adjourned until December 19, 1988. On that day, after further colloquy, the court issued an oral decision from the Bench granting the father's oral motion to dismiss the proceeding for lack of subject matter jurisdiction. A written order to this effect was entered on January 3, 1989. This appeal by the petitioner is taken as of right pursuant to Family Court Act § 1112.

II

At the outset, we note that there is a paucity of reliable factual information upon which the order of the Family Court, Suffolk County, was based. The only material facts which may be considered undisputed are: (1) that the mother and the father are both naturalized citizens of the United States, (2) that they now reside in Suffolk County, New York, and are indisputably subject to the personal jurisdiction of the Family Court, and (3) that at some point in the past, the father removed the couple's minor child from his home in Suffolk County to El Salvador, where the child now remains. The petitioner's allegation that the father has since failed to provide financial support for his son are contradicted only insofar as the father has entered a general denial of the allegation. There is also no specific denial of the allegations that the mother and father are the sole legal custodians of Stanley and that no legal transfer of custody to any suitable individual or agency in El Salvador has ever taken place.

The better part of the record on appeal consists of conflicting hearsay statements advanced during unsworn colloquy by the attorneys for the respective parties. For example, Stanley's citizenship status was the subject of a dispute between the Assistant Suffolk County Attorney, who claimed that as the son of parents who are themselves naturalized citizens, Stanley "may be a naturalized citizen of the United States", and the attorney for the father, who claimed that Stanley is "apparently a citizen of El Salvador". Stanley's current circumstances were likewise the subject of dispute, the Assistant Suffolk County Attorney stating that Stanley had been taken under the "wing" of the United States Consul General in El Salvador, and that he is currently residing in a hotel, and the father's attorney stating that Stanley was "at large" in El Salvador. The Assistant County Attorney and the attorney for the father were similarly at odds with respect to Stanley's connections to Suffolk County, the former advising the court

that Stanley had lived there for 13 of his 14 years, and the latter stating, at one point, that Stanley had been raised in El Salvador. Finally, it was left entirely unclear as to whether the proper authorities in El Salvador have expressed any intent to intervene on Stanley's behalf. The father's attorney stated that an El Salvador court was attempting to exercise its jurisdiction, while the Assistant Suffolk County Attorney claimed that the El Salvador courts had no objection to the efforts being made to return Stanley to the United States.

Under the circumstances, the Family Court correctly disregarded the conflicting assertions of the parties' attorneys in making its decision, and relied only upon the contents of the petition itself and upon those facts which have been established as a matter of law. The only such fact which appears to have been considered material by the Family Court is that Stanley is not now present in the State of New York. For this reason alone, the Family Court determined that it lacked subject matter jurisdiction.

Analysis of the jurisdictional issue presented in this case should not be clouded by the uncertainty that prevails with respect to the merits of the question of whether the father has, in fact, neglected or abandoned his son. The father's motives for leaving Stanley in El Salvador may have been good; he may have made careful plans for Stanley's future care in that Nation, and that Nation may in fact have public agencies which will prove to be completely effective in providing the sort of care and discipline which Stanley needs and which the institutions of this country so far have been unable to provide. These are all factual matters which have not yet been addressed, much less resolved, and which are, moreover, completely beside the point. The legal issue is whether the Family Court lacks subject matter jurisdiction to entertain a child protective proceeding where it appears that the allegedly neglected or abused child is absent from the State. In order to place this question in perspective, then, it may be assumed for the sake of argument, and possibly contrary to much of what may ultimately be found to be true, that the father took his helpless young son from his New York home and abandoned him, without justification and without any provision for the future, in a strange, war-torn and completely alien land. We do not believe that the Legislature has placed any limitation on the jurisdiction of the Family Court which would prevent it from serving as a forum for assisting a child in such a situation.

III

It should be emphasized that the question presented on appeal is one of *subject matter* jurisdiction. The personal jurisdiction of the court over the father is not challenged. Furthermore, there is no question of personal jurisdiction over the child himself; his Law Guardian has appeared on his behalf and, as noted by the Family Court in the order appealed from, has supported, rather than opposed, the petitioner's request that the Family Court exert its jurisdiction in this case. The Law Guardian continues to do so on appeal. The child's voluntary participation in the litigation constitutes submission to the Family Court's personal jurisdiction *(see generally, Gager v White,* 53 NY2d 475, 488). "Subject matter jurisdiction has been defined as the 'power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question' " *(Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 166, quoting from *Hunt v Hunt,* 72 NY 217, 229; *see also, Lacks v Lacks,* 41 NY2d 71, 75; 28 NY Jur 2d, Courts and Judges, § 182; 1 Carmody-Wait 2d, NY Prac § 2:80, at 93).

Since the question presented relates solely to the Family Court's *subject matter* jurisdiction, and not at all to the question of whether the court has jurisdiction over any of the *parties,* the geographical location of the child who is the subject of the proceeding is totally irrelevant. There is nothing in the State Constitution or statutory provisions governing the subject matter jurisdiction of the Family Court which might be construed as limiting that court's competence to entertain neglect proceedings only to those cases where the allegedly neglected child is present in New York.

The Family Court has subject matter jurisdiction over all legal proceedings brought on behalf of neglected or abused children *(see,* NY Const, art VI, § 13 [b] [1]; Family Ct Act § 115 [a] [i]; § 614 [1]; § 1013 [a]). The State Constitution (NY Const, art VI, § 13 [b] [1]) confers upon the Family Court subject matter jurisdiction over all proceedings relating to "the protection, treatment, correction and commitment of those minors who are in need of the exercise of the authority of the court because of circumstances of neglect * * * as the legislature may determine". This clear and unambiguous language should be interpreted according to its plain meaning *(see, Anderson v Regan,* 53 NY2d 356, 362). That language

does not limit the jurisdiction of the Family Court only to those cases which involve neglected or abandoned children who are physically present in New York.

We have found no expression of any intent on the part of the Legislature to restrict the subject matter jurisdiction of the Family Court to cases involving children physically within the State. Social Services Law § 384-b, which may be considered the focal point in the array of legislation dealing with abandoned or permanently neglected children, defines the term "child" and the term "abandoned child" in a manner which does not limit the Family Court's jurisdiction to cases where the child is present in the State (see, Social Services Law § 384-b [2], [5] [a]). It has been expressly held under the provisions of Social Services Law former § 384 (6) (now Social Services Law § 384-b; see, L 1976, ch 666) that the physical presence of a child within New York State is not a prerequisite to the Family Court's exercise of jurisdiction in a proceeding to terminate the parental rights of the child's natural parents who were themselves located in New York (see, Matter of Children's Aid Socy. [Keith H. & Michael H.], 81 Misc 2d 1019).

Social Services Law § 384-b and its procedural counterpart, Family Court Act article 6, authorize the termination of the rights of the natural parents of a *permanently* neglected child (Social Services Law § 384-b [3] [d]; [4] [d]; Family Ct Act § 611). There is nothing in these statutes which limits the Family Court's jurisdiction in such proceedings to cases where the subject child is physically present in the State (see, Matter of Children's Aid Socy. [Keith H. & Michael H.], supra). The present proceeding is one brought pursuant to Family Court Act article 10 which authorizes the Family Court to "intervene against the wishes of a parent on behalf of a child so that his needs are properly met" (Family Ct Act § 1011) even in the absence of such circumstances as would warrant a termination of parental rights on the basis of permanent neglect (cf., Social Services Law §§ 384-b [4] [d]; [7] [a]; Family Ct Act § 1012 [f]; see generally, Matter of Tammie Z., 66 NY2d 1). A review of the relevant statutes reveals that, just as is the case with respect to proceedings based on permanent neglect, the subject matter jurisdiction of the Family Court in proceedings pursuant to Family Court Act article 10 is not limited to cases where the child is present in New York.

Family Court Act article 10 authorizes certain designated individuals or agencies to commence neglect proceedings (see,

Family Ct Act § 1032) and, in general, the petition need only allege the existence of "an abused or neglected child" (Family Ct Act § 1031 [a]). The term "neglected child" is defined so as to include "a child less than eighteen years of age * * * whose physical, mental or emotional condition has been impaired * * * as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]), or a child "who has been abandoned" (Family Ct Act § 1012 [f] [ii]). The definition of the term "neglected child" is nowhere limited to children physically present in New York. The presence within New York of the child who is the subject of a neglect proceeding is, in other words, not made an express prerequisite to the Family Court's exercise of jurisdiction, either pursuant to the State Constitution (NY Const, art VI, § 13 [b] [1]) or pursuant to the relative provisions of Family Court Act article 10.

Family Court Act article 10 contains no explicit limitation on the subject matter jurisdiction of the Family Court in neglect proceedings, except to the extent that it requires that the authorized petitioner allege the existence of a neglected or abandoned child, as those terms are defined (Family Ct Act § 1012 [f] [i], [ii]; § 1013 [a]; § 1031 [a]; *see also, Matter of Chrissy E.,* 132 Misc 2d 763 [noting that Family Ct Act article 10 does not limit the jurisdiction of the Family Court to cases where child abuse or neglect occurred in New York]). This does not mean that the Family Court's jurisdiction is unlimited. The court's exercise of *personal* jurisdiction over the parties who are typically named as respondents in child protective proceedings, that is, the parents or other legal guardians allegedly guilty of the child neglect or abuse *(see,* Family Ct Act § 1012 [a]), is limited by the provisions of New York law, as set forth in the relevant provisions of the CPLR or the Family Court Act *(see,* CPLR 101, 301, 302; *see also, Matter of Nilsa B. B. v Blackwell,* 84 AD2d 295 [Family Court lacked personal jurisdiction over nondomiciliary respondent in paternity proceeding]; *see also,* Family Ct Act §§ 154, 165; *Matter of Jane O. J. v Peter L. J.,* 141 Misc 2d 434; *Anthony T. v Anthony J.,* 134 Misc 2d 375; *Matter of Brian S.,* 112 Misc 2d 561, 562; *cf., Matter of Lawrenz v Lawrenz,* 65 Misc 2d 627), as well as by Federal constitutional requirements that a State court have at least minimal contacts with the person over whom it seeks to exert its power *(see generally, International Shoe Co. v Washington,* 326 US 310). It is therefore improbable that New York's Family Court could properly intervene in

the case of a child who has been abandoned outside New York, and where the adult parties legally responsible for the child's abandonment are neither present in, nor domiciliaries of, nor otherwise significantly connected to New York.

In the present case, the Family Court has personal jurisdiction over the sole named respondent. Moreover, the child must be considered to be a domiciliary of New York, since New York is the domicile of his parents, who have sole legal, if not actual physical custody *(see, Matter of Thorne,* 240 NY 444; *Matter of Lang v Lang,* 9 AD2d 401, 405, *affd* 7 NY2d 1029; *Matter of Billy,* 7 AD2d 614; 49 NY Jur 2d, Domicil and Residence, § 36). The sole objection is that the Family Court lacks subject matter jurisdiction due to the child's absence from the State. This objection is without merit, since no provision of the State Constitution, no provision of State statute, and no rule to be derived from controlling decisional authority imposes such a limitation on the subject matter jurisdiction of the Family Court.

IV

The question of whether the Family Court of Suffolk County has subject matter jurisdiction in the present child protective proceeding is not to be confused with the question of whether it should defer the exercise of that jurisdiction based on the doctrine of comity. Pursuant to this doctrine, the courts of this State, "[a]lthough not required to do so * * * generally will accord recognition to the judgments rendered in a foreign country" *(Greschler v Greschler,* 51 NY2d 368, 376). At this stage of the present proceeding, there is no basis for the court's refusal to exert jurisdiction on the ground of comity. There is no conclusive evidence that any court of competent jurisdiction in El Salvador has issued any decree affecting the father's status as Stanley's parent and legal guardian, or affecting the similar status of the mother. There is no conclusive evidence that an El Salvadoran court has issued any decree transferring custody of the child to any responsible person or agency in that country, or otherwise providing for the child in any way. The oblique references made by the father's attorney to certain "attempt[s]" by an El Salvadoran court to exercise jurisdiction are insufficient to warrant the Family Court's withholding the exercise of its jurisdiction on the basis of comity *(see generally, Matter of First Natl. City Bank,* 285 F Supp 845, *affd* 396 F2d 897 [doctrine of comity

applicable only when proceedings or decrees of two sovereigns clash]).

We need not address, at this juncture, how the Family Court might respond in the event that it becomes clear that El Salvador's courts have exercised whatever jurisdiction they might have due to the child's presence in that country.* For the purposes of this appeal, it is sufficient to note only that the doctrine of comity furnishes no basis upon which to affirm the Family Court's dismissal of the petition.

V

For the foregoing reasons, we conclude that the Family Court erred, as a matter of law, in holding that it lacked subject matter jurisdiction over the present proceeding. Accordingly, the order is reversed, on the law, without costs or disbursements, the father's motion to dismiss the proceeding is denied, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

KOOPER, HARWOOD and BALLETTA, JJ., concur.

Ordered that the order is reversed, on the law, without costs or disbursements, the father's motion to dismiss the proceeding is denied, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

---

* For an analogous case involving the potential clash between the courts of two sovereigns, one exercising jurisdiction based on the child's domicile and the other declining to exercise jurisdiction based solely on the child's presence, see; Matter of Lang v Lang (9 AD2d 401, affd 7 NY2d 1029).