OPINION OF THE COURT
Anthony F. Bonadio, J.
In this Family Court Act article 8 family offense proceeding, the respondent has moved to dismiss the petition on the ground that this court lacks subject matter jurisdiction since all the acts complained of in the petition occurred outside the State of New York. We hold, in this case of apparent first impression, that where, as here, the respondent was person *210 ally served with legal process in the State of New York, this court has subject matter jurisdiction of an article 8 proceeding notwithstanding the fact that all the incidents occurred outside of New York. Accordingly, the motion is denied.
The petition alleges that, while the parties resided together in Northport, Florida, the respondent:
(1) on December 21, 1989, "grabbed petitioner by the hair, pulled [her] hair out, slapped [her and threw her] onto the back patio” of their house;
(2) on January 16, 1990, admitted to petitioner that he "beat” Brett (six years old) that day, bruising Brett’s back, legs and buttocks;
(3) during the week of January 21, 1990, told petitioner, as she tried to close a window for the second time, "you’ll never live to do so a third time.”
In a supporting deposition attached to the petition, Mrs. Pierson further alleges that her family moved from New York to Florida in July 1989, and that the only reason she went was because her husband was moving there in any event and threatened to take the children with him. On February 1, 1990, shortly after the last incident, petitioner left Florida with the children and returned to New York;[1] fearful of respondent, she moved into a shelter in Monroe County. This petition, alleging assault and harassment against Mrs. Pierson and Brett (Family Ct Act § 812 [1]; § 821 [1]), was filed in this court on February 16, 1990, while petitioner was residing at the shelter (Family Ct Act §818). A temporary order of protection was granted on the 16th (see, Family Ct Act §§ 153-c, 828), and subsequently extended to April 27, 1990. The respondent has weekly supervised visitation with the children.
We agree with other Family Court decisions holding that Family Court process may not be served out of State (at least on a nondomiciliary respondent) in article 8 (family offense) and article 10 (child protective) proceedings (Family Ct Act §§ 154, 165, 826, 1036; CPLR 301, 302 [b]; Matter of Jane O. J. v Peter L. J., 141 Misc 2d 434; Anthony T. v Anthony J., 134 Misc 2d 375; Matter of Parrett v Parrett, 46 Misc 2d 573; Matter of Brian S., 112 Misc 2d 561 [art 10]). But the issue here does not involve personal jurisdiction over the respondent, who concedes that he was personally served with process *211 in this State. Rather, respondent argues that, since New York lacks subject matter (geographical) jurisdiction to prosecute these incidents in criminal court (CPL 20.20, 20.30), petitioner is not the "victim of an act which would constitute a violation of the penal law” (Social Services Law § 459-a [1], which defines a victim of domestic violence for purposes of the Domestic Violence Prevention Act). Thus, there is no concurrent jurisdiction between this court and criminal court, and that, in the absence of such concurrent jurisdiction, New York has no jurisdiction.
While this argument has some surface appeal, we find it unpersuasive. In Matter of Chrissy E. (132 Misc 2d 763) the court rejected a similar argument in an article 10 proceeding and held that where the respondent is served with a summons in New York, this court has subject matter jurisdiction of an article 10 proceeding even where all the acts of sexual abuse occurred outside New York. And, in Matter of Stanley R. (147 AD2d 284) the Second Department held that Family Court had subject matter jurisdiction over an article 10 proceeding where the alleged acts occurred in El Salvador and the child was not present in New York. We see no reason why a different result should attach in an article 8 proceeding.[2] Both are civil in nature, and there is nothing in Family Court Act § 812 (1) or § 821 (1) which limits the jurisdiction of Family Court to in-State assaults or harassment (see, Matter of Stanley R., supra, at 288-291; but cf., Social Services Law § 459-a [1]).
Moreover, we see no inconsistency between our holding here and those cases cited above (supra, at 210) holding that personal jurisdiction cannot be obtained by out-of-State service in an article 8 proceeding (that is, if the respondent is no longer a New York domiciliary and had remained in Florida after petitioner returned to New York, petitioner would have no remedy in this State). The respondent’s return to and presence in New York is important for at least two reasons. First, *212 presence and service in this State constitutes the constitutional "minimal contacts” requirement of International Shoe Co. v Washington (326 US 310 [compare, Kulko v California Superior Ct., 436 US 84]). Second, had respondent remained in Florida, the risk of continued family violence would have dissipated. His presence in New York, however, continues the risk to petitioner, and New York’s interest in "attempting to stop the violence, end the family disruption and obtain protection” — the purposes of an article 8 proceeding (Family Ct Act § 812 [2] [b]) — is compelling.
Motion to dismiss denied.

. Cf., Fla Stat Annot § 741.30 (2) (d) ("A person’s right to petition for an injunction [to stop domestic violence] shall not be affected by such person having left a residence or household to avoid domestic violence”).

. We recognize that in article 8 proceedings, Family Court shares concurrent jurisdiction with criminal court only until the petitioner (victim) makes a valid choice of forums, and that the proceeding may ultimately be maintained in either, but not both courts (Family Ct Act § 812 [1], [2] [aHc], [e]; § 813); and that in article 10 proceedings, no choice of forum is required and concurrent Family Court and criminal court proceedings are specifically authorized (Family Ct Act § 1013 [b]; § 1014 [a], [c]). Matter of Chrissy E. (132 Misc 2d 763, cited with approval in Matter of Stanley R., 147 AD2d 284 [both cited in the text herein, at 211]) involved out-of-State sex abuse claims, by definition a crime (Family Ct Act § 1012 [e] [iii]).