OPINION OF THE COURT
Mary E. Bednar, J.
Respondent, Mario A., has moved to dismiss the family offense petition filed against him on the ground that this court does not have jurisdiction over the incidents alleged in the petition; that the incidents alleged in the petition do not constitute family offenses under the Family Court Act; and that there is another action pending between the parties for the same relief in another court.
By petition filed on February 21, 1996, petitioner, Eileen W., a resident of New York,[1] alleges that her husband, Mario A., a resident of New Jersey, has committed one or more family offenses within the meaning of Family Court Act § 812 (1). In the *486 petition, Ms. W. alleges: "On or about February 15, 1996, at the respondent’s lawyers office [in] New Jersey * * * the respondent threatened to 'get’ the petitioner. The respondent made a gesture with his hand, as in a gun position while saying this. The respondent has physically assaulted the petitioner in the past. The petitioner requests an order of protection to keep respondent away from the petitioner and to stop all threats and harassment.”
In support of his motion to dismiss the petition, respondent argues: (1) that this court lacks jurisdiction to entertain this family offense proceeding because the incidents alleged in the petition occurred outside of the State of New York; (2) the incidents alleged in the petition do not constitute a family offense under article 8 of the Family Court Act; and (3) there is a divorce action pending between the parties in the Superior Court of the State of New Jersey, and petitioner may seek an order of protection in that action.
I
Under the facts of this proceeding, the Family Court may exercise its family offense jurisdiction pursuant to article 8 of the Family Court Act.
In the petition, it is alleged that the respondent "threatened” petitioner on February 15, 1996, at the Newark, New Jersey office of his attorneys, and that "respondent has physically assaulted the petitioner in the past”. At oral argument upon respondent’s motion, petitioner stated that "there were two [incidents] that took place in Newark”, and that on January 6, 1996, respondent "assaulted” her in a public establishment in Greenwich Village.
While the Family Court and the criminal courts* [2] have had, since 1977, concurrent jurisdiction over acts which would constitute family offenses (see, L 1977, ch 449; L 1994, ch 222; Family Ct Act § 812 [1]; § 115 [e]; CPL 530.11 [l]),[3] family offense proceedings commenced in the Family Court are civil *487 proceedings designed to stop violence, end family disruption, and provide protection (see, Family Ct Act § 812 [2] [b]; CPL 530.11 [2] [b]), while those commenced in a criminal court are criminal actions for the purpose of prosecuting an offender, which may result in a criminal conviction (see, Family Ct Act § 812 [2] [c]; CPL 530.11 [2] [c]).
While it is true that the designated family offenses are derived from the Penal Law, there is no merit to respondent’s argument that the provisions of CPL article 20, relating to the geographical jurisdiction of criminal offenses, are applicable to this Family Court family offense proceeding.
In granting family offense jurisdiction to the Family Court,[4] the Legislature sought to transfer jurisdiction over acts, which although technically crimes or violations under the Penal Law, to the Family Court for noncriminal adjudication (see, People v Johnson, 20 NY2d 220, 222-223; People v Williams, 24 NY2d 274, 278; People v Nuernberger, 25 NY2d 179, 182; see also, Report of Joint Legis Comm on Court Reorganization, 1962 McKinney’s Session Laws of NY, at 3430).[5]
*488 While the enumerated family offense acts are, by definition, offenses under the Penal Law (see, Matter of Nadeau v Sullivan, 204 AD2d 913, 915; Matter of Dutz v Colon, 183 AD2d 715, 716; Matter of Holcomb v Holcomb, 176 AD2d 409; Matter of Rogers v Rogers, 161 AD2d 766; Matter of Ross v Ross, 152 AD2d 580),* ****[6] the purpose of that statutory provision is to limit the court’s family offense jurisdiction to situtations requiring judicial intervention, and to exclude petty occurrences (see, Matter of Finocchiaro v Finocchiaro, 192 AD2d 1089; Matter of Jones v Roper, 187 AD2d 593; Di Donna v Di Donna, 72 Misc 2d 231; Roofeh v Roofeh, 138 Misc 2d 889).
There is no indication, however, that by defining family offenses as acts which would also constitute offenses under the Penal Law, the Legislature sought to limit the Family Court’s jurisdiction to acts which have occurred in the State (see, Matter of Pierson v Pierson, 147 Misc 2d 209),[7] although the provisions of CPL article 20 may be relevant in determining whether the court may exercise its family offense jurisdiction with respect to acts which take place outside of the State (e.g., Anthony T. v Anthony J., 134 Misc 2d 375 [harassing telephone calls placed from Florida to New York are within court’s family offense jurisdiction]).
*489 Therefore, because there is no support for the argument that the provisions of CPL article 20 are intended to apply to a family offense proceeding commenced in the Family Court, the motion to dismiss on that ground is denied.[8]
II
Although it is not clear that the incident which is alleged to have occurred in Newark, New Jersey, on February 15, 1996 would constitute a family offense (see, Penal Law §§ 240.25, 240.26), because the petition contains another viable family offense, the allegations relating to the February 15,1996 incident are not summarily dismissed (see, Matter of Jones v Roper, 187 AD2d, supra, at 593 [petition summarily dismissed where the sole allegation did not constitute a family offense]). However, respondent may make a motion to dismiss that allegation at the appropriate time (see, CPLR 4401).
With respect to respondent’s motion to dismiss the petition for failure to state a cause of action (see, CPLR 3211 [a] [7]), Ms. W. has alleged in her petition that "[t]he respondent has physically assaulted the petitioner in the past”. During oral argument of the motion, Ms. W. stated that, on January 6, 1996, the respondent "assaulted” her in a public establishment in New York County, and that "he hurt my arm and chest”.
Because a family offense proceeding before the Family Court is a civil proceeding, the rules governing the sufficiency and contents of criminal accusatory instruments are not applicable (see, CPL 100.15 [2], [3]; 100.40 [1]; 200.30; see also, People v Alejandro, 70 NY2d 133; People v Keindl, 68 NY2d 410; People v Beauchamp, 74 NY2d 639), and a petitioner need only file a petition which contains an allegation that the respondent has committed one or more family offenses (see, Family Ct Act § 821 [1] [a]; Matter of Jones v Roper, 187 AD2d, supra, at 593).[9]
While a bare allegation that "the respondent assaulted me” may not be sufficient to apprise a respondent of the acts or oc *490 currences supporting that allegation (see, CPLR 3013; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 821, at 166), petitioner’s allegation that "the respondent has assaulted petitioner in the past”, when coupled with her sworn statement on the record giving details of the January 6, 1996 incident, provides respondent with adequate notice of the alleged family offense so that he may prepare a defense to the allegation.[10]
Thus, giving petitioner’s allegations the benefit of every possible inference, and assuming her allegations to be true, as I must upon a motion to dismiss for failure to state a cause of action (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275; Leon v Martinez, 84 NY2d 83, 87-88; Franklin v Winard, 199 AD2d 220), I find that the petitioner’s allegations set forth a viable cause of action for a family offense (see, Penal Law §§ 110.00, 120.00).
III
Respondent also seeks dismissal of the petition on the ground that there is another action pending between the parties for the same cause of action in the Superior Court of New Jersey (see, CPLR 3211 [a] [4]).
Pursuant to CPLR 3211 (a) (4), a court may dismiss an action on the ground that there is another action pending between the parties on the same cause of action (see, Whitney v Whitney, 57 NY2d 731, 732; Colon v Gold, 166 AD2d 406, 407; Matter of Barrera v Barrera, 190 AD2d 667, 668; Matter of Janet L., 200 AD2d 801, 803; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.19).
In order for an action to be dismissed on the ground that there is another action pending, it must be shown that there is substantial identity between the parties to the two actions (see, Morgulas v Yudell Realty, 161 AD2d 211, 212; Chrysler Capital *491 Corp. v Citibank, 186 AD2d 393, 394; Proietto v Donohue, 189 AD2d 807, 808), as well as substantial identity between the issues in the actions (see, Kent Dev. Co. v Liccione, 37 NY2d 899, 901; Zabel v Karasik, 184 AD2d 436; Walsh v Goldman Sachs & Co., 185 AD2d 748, 749; Employers Ins. v Primerica Holdings, 199 AD2d 178).
Based upon the information provided by the parties, it appears that the respondent has commenced a divorce action against the petitioner in the New Jersey Superior Court, and that the divorce was commenced prior to this proceeding.
While the parties to the two actions are identical, the same cannot be said for the issues presented in the actions. The divorce action commenced by the respondent in New Jersey seeks dissolution of the parties’ marriage (see, NJ Stat Annot § 2A:34-2), and within that action the Superior Court may issue orders concerning alimony or maintenance (see, NJ Stat Annot § 2A:34-23), and equitable distribution of marital property (see, ibid.; Painter v Painter, 65 NJ 196, 320 A2d 484 [Sup Ct 1974]). While it appears that the petitioner could file a domestic violence complaint with the Family Part of the Superior Court (see, NJ Stat Annot § 2C:25-28 [a]), and that court could ultimately issue a permanent restraining order upon a finding that an act of domestic violence, as defined by New Jersey Statutes Annotated § 2C:25-19 (a), has been committed (see, NJ Stat Annot § 2C:25-29; NJ Court Rules, rule 5:7A [D]), there is no indication, nor any claim, that Ms. W. has sought such relief from any New Jersey court.
Finally, given the enactment of 18 USC § 2265 in 1994 (18 USC ch 110A, added Sept. 13, 1994, Pub L 103-322, 108 US Stat 1930), which requires the courts of each State to give full faith and credit to a protection order (see, 18 USC § 2266) issued by the court of another State, and to enforce such order as if it were the order of the enforcing State, an order of protection issued by New York would be enforceable in New Jersey, and a New Jersey restraining order would be enforceable in New York. Thus, petitioner’s choice of forum has little practical consequence, unless respondent believes that the incidents alleged to have occurred in New Jersey do not constitute domestic violence.[11]
*492 Accordingly, for the reasons set forth herein, it is hereby ordered, that respondent’s motion to dismiss the petition is denied.

. At the time she filed this petition, Ms. W. resided in New York County. She has since moved to Queens County. Neither party has requested that *486 this proceeding be transferred to Queens County (see, Family Ct Act §§ 174, 818).

. The criminal courts of New York are enumerated in CPL 10.10 (see, CPL 1.20 [19]).

. For purposes of both the Family Court Act and the Criminal Procedure Law, the designated family offenses are: disorderly conduct; harassment in the first and second degrees; aggravated harassment in the second degree; menacing in the second and third degrees; reckless endangerment; assault in the second and third degrees; and attempted assault (Family Ct Act § 812 [1]; CPL 530.11 [1]).

. NY Constitution, article VI, § 13 provides, inter alia: "The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: * * * (7) as may be provided by law: the guardianship of the person of minors and, in conformity with the provisions of section seven of this article, crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household” (NY Const, art VI, § 13 [b]).
NY Constitution, article VI, § 7 provides, inter alia: "The supreme court shall have general original jurisdiction in law and equity and the appellate jurisdiction herein provided * * * the legislature may grant * * * to the family court in the city of New York jurisdiction over crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household” (NY Const, art VI, § 7 [a]).

. In the Report of Joint Legislative Committee on Court Reorganization, it is stated that
"[t]he new constitutional amendment authorizes the Legislature to give to the Family Court extensive criminal jurisdiction * * *
"[however], the proposed Family Court Act does not at this time include provisions for the conduct of any criminal trial in the new court. It does, however, transfer from the criminal courts to the Family Court certain proceedings which do not lend themselves to criminal court treatment * * * [t]he proposals contained in Article 8 * * * dealing with instances of disorderly conduct and assault within the family or household are illustrative.” (1962 McKinney’s Session Laws of NY, at 3430.)
Similarly, in People v Williams (supra), the Court states that the purpose of article 8 of the Family Court Act "was to remove in the first instance from the criminal courts a limited class of offenses arising in the family milieu, in
*488 order to permit a more ameliorative and mediative role by the Family Court. It was recognized that many family confrontations, although technically taking the character of a criminal offense, are lacking in the elements, public or private, that justify the use of criminal procedures and sanctions” (24 NY2d, at 278, supra).

. An "offense” is conduct for which a term of imprisonment or a fine may be imposed (Penal Law § 10.00 [1]). Crimes and violations (see, Penal Law § 10.00 [3], [6]) are offenses under the Penal Law.

. The reference to Penal Law offenses for definitional purposes in civil proceedings is not limited to family offense proceedings. For example, in civil child protective proceedings commenced under article 10 of the Family Court Act where it is alleged that a child has been sexually abused (see, Family Ct Act § 1012 [e] [iii]), the court, if it makes a finding that the child has been sexually abused, is required to specify which sex offense, as defined by the Penal Law, has been committed (Family Ct Act § 1051 [e]; see, Matter of Ashley A A., 212 AD2d 937, 938; Matter of Rachel G., 185 AD2d 382, 383; Matter of Nassau County Dept. of Social Servs. [Erika K.] v Steven K., 176 AD2d 326, 329). However, the reference to the Penal Law by article 10 does not transform the child protective proceeding into a criminal action (see, Matter of Katrina W., 171 AD2d 250, appeal dismissed 79 NY2d 976, cert denied sub nom. Roslyn W. v Suffolk County Dept. of Social Servs., 506 US 876), even where the same acts may provide the basis for a concurrent or subsequent criminal prosecution (see, Family Ct Act § 1013 [b]; § 1014 [c]; cf., Family Ct Act § 115 [e]; § 812 [1]; CPL 530.11 [1] [as amended by L 1994, ch 222] [there may now be concurrent proceedings in both the Family Court and a criminal court with respect to an alleged family offense]).

. The principle of territorial or geographical jurisdiction, as incorporated in CPL article 20, is based on the common law. Under the general rules relating to criminal jurisdiction, a State may only enforce its criminal laws within its own borders (see, People v McLaughlin, 80 NY2d 466, 470-471). This is because "[¡jurisdiction in this sense is a question of the sovereign’s power to prosecute and punish an accused for conduct which is allegedly criminal” (supra, at 471). In contrast, a family offense proceeding in the Family Court is not a "prosecution” (see, Family Ct Act § 812 [2] [b], [c]; CPL 530.11 [2] [b], [c]), and the outcome of such a proceeding is not punitive in nature (see, Family Ct Act §§ 841, 842).

. I note that in this proceeding, because the petitioner was not represented by counsel at the time she filed her petition, the staff of the *490 Clerk of the Court assisted in the drafting and preparation of the petition, as required by law (Family Ct Act § 216-c; see, Bruno v Codd, 47 NY2d 582, 586). "While the statute requires that all allegations presented by a petitioner be included in a petition (Family Ct Act § 216-c [a]), it is unreasonable to hold a pro se litigant or the Clerk’s staff to the same standards of drafting pleadings expected of attorneys (see, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 216-c, at 148).

. Of course, if respondent desires further details concerning petitioner’s assault allegation, he is free to demand that petitioner provide him with a bill of particulars (see, CPLR 3041; Northway Eng’g v Felix Indus., 77 NY2d 332, 335; Twiddy v Standard Mar. Transp. Servs., 162 AD2d 264, 265; Matter of Kunz v Kunz, 119 Misc 2d 80).

. Without reaching any determination whatsoever, I note that the incident alleged in the petition to have occurred in New Jersey on February 15, 1996 may not constitute harassment under the relevant statute (NJ Stat Annot. § 2C:33-4; see, D.C. v T.H., 269 NJ Super 458, 635 A2d 1002 [App Div *492 1994]; Roe v Roe, 253 NJ Super 418, 601 A2d 1201 [App Div 1992]; State v L.C., 283 NJ Super 441, 662 A2d 577 [App Div 1995]).