OPINION OF THE COURT
Richard N. Ross, J.
In this Family Court Act article 8 proceeding filed on June 29, 2000, the petitioner, a New York resident, seeks an order of protection against her brother-in-law, a resident of Florida. The respondent moved on August 18, 2000 to dismiss the peti *174 tion on the grounds that the court lacks jurisdiction to proceed. The petitioner filed a cross motion, dated September 6, 2000, and an answer, which included allegations that the respondent allegedly violated a temporary order of protection issued ex parte by this court on July 6, 2000 (Gloria Sosa-Lintner, J.). The respondent filed a reply affidavit dated September 16, 2000. The petitioner then filed a “reply affidavit in support of cross-motion” dated October 3, 2000, and also submitted a legal memorandum. After review of all of the papers submitted herein and the applicable law, the court at this time grants a hearing on whether the respondent has sufficient contacts of the appropriate type with New York State to satisfy the jurisdictional prerequisite of CPLR 302 (a) (3) (i) or (ii) or 302 (a) (4). All remaining applications are held in abeyance.
Family Court Act § 812 confers subject matter jurisdiction herein, stating that the Family Court has jurisdiction over family offense proceedings involving acts constituting certain enumerated crimes which occur between family members. There is no dispute that, if true, the petitioner’s allegations would constitute requisite crimes or that a requisite family relationship exists.
The issue at bar is whether this court can obtain personal jurisdiction over the respondent. The affidavit of service submitted by the petitioner indicates that personal service on the respondent was made in Florida. Family Court Act § 154 (c) provides for such out-of-State service in family offense proceedings, subject to the provisions of CPLR 301 and 302. Family Court Act § 154 (c) permits out-of-State service if the petitioner resides within New York and the alleged act occurred within New York. However, with respect to an act occurring outside New York, CPLR 302 (a) (3) would permit a New York court to obtain personal jurisdiction over a respondent if, inter alia, the act caused injury within New York. In the instant matter, the parties agree that the respondent is a resident of Florida and that the alleged incidents occurred in Florida while the petitioner was in that State. The petitioner argues, however, that one of the respondent’s acts, an alleged statement to her by the respondent that “I want to kill you,”* has caused her ongoing emotional and psychological harm in New York, i.e., she claims to be afraid of the respondent and believes that he will come to New York and carry out the alleged threat.
*175 The court finds no reported appellate or trial court case on point. (See, Matter of Eileen W. v Mario A., 169 Misc 2d 484 [Fam Ct, NY County 1996] [Family Court family offense proceedings are civil in nature; thus the geographic limitation contained in CPL article 20 is inapplicable to Family Court proceedings]; Anthony T. v Anthony J., 134 Misc 2d 375 [Fam Ct, Nassau County 1986] [threats telephoned from out of State into New York are acts within New York for family offense proceedings, but case dismissed (predated amendments to Family Ct Act § 154)]; Pierson v Pierson, 147 Misc 2d 209 [Fam Ct, Monroe County 1990] [when respondent is served with legal process in New York, Family Court has subject matter jurisdiction in family offense proceeding even when all incidents occur outside New York].)
This court holds that the petitioner’s assertion of fear resulting from the threat alleged to have been made in Florida is sufficient to satisfy the jurisdictional requirement of CPLR 302 (a) (3) that an out-of-State act must have a claimed effect within New York. To hold otherwise would be to deny this New York resident recourse to her own State’s courts for protection. She would be required to litigate in Florida and, if successful, thereafter to seek enforcement of her out-of-State order in New York. In the court’s opinion, it was this course of action which New York lawmakers intended to make unnecessary for New York residents when it made Family Court Act § 154 (c) subject to the provisions of CPLR 302. The frightened emotional state of a New York resident brought on by an alleged threat to kill made in Florida by a Florida resident represents a serious, potentially long-term New York effect of an out-of-State act. Such an effect surely can be at least as serious as a physical injury occurring in New York to a New York resident, for example, from a defective product manufactured out of State— the typical situation that gives rise to the jurisdictional issue raised herein.
The remaining jurisdictional prerequisite is that the respondent have contacts with New York of a kind specified in CPLR 302 (a) (3) (i) or (ii) or 302 (a) (4). The petitioner states that the respondent has frequent contacts with New York for business purposes. The respondent asserts that he does not have business contacts with New York, that he transacts all of his business in Florida or with the Toronto branch of his employer, and that he does not have contact with his employer’s New York division. The factual discrepancies can be resolved only by means of a hearing limited to the issue of the respon *176 dent’s New York contacts. The outcome of the hearing will determine if the court can properly obtain personal jurisdiction over the respondent.
The matter is adjourned for a hearing on December 12, 2000, 2:30 p.m. The temporary order of protection issued on July 6, 2000 is continued with the same terms and conditions until further order of this court.

 If true, the allegation would constitute harassment in the second degree. (See, Penal Law § 240.26.)