Matter of Joan U. v Christopher K. (2005 NY Slip Op 50336(U))

[*1]

Matter of Joan U. v Christopher K.

2005 NY Slip Op 50336(U)

Decided on March 10, 2005

Family Court, Orange County

Bivona, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2005

Family Court, Orange County
In the Matter JOAN U., Petitioner,
against
CHRISTOPHER K., Respondent.
O-6684-04

Bloom & Bloom, P.C.
Peter E. Bloom, Esq.
P.O. Box 4323
New Windsor, NY 12553, for respondent.
The Legal Aid Society of Orange County, Inc.
Maria A. Patrizio, Esq., of counsel
P.O. Box 328
Goshen, NY 10924, for petitioner.

Andrew P. Bivona, J.
This is an application by the respondent to dismiss the pending application for an order of protection. The application was brought on by way of Notice of Motion returnable in this Court on March 7, 2005. An Affirmation in Opposition dated March 4, 2005 was filed in this Court and on the return date the motion was marked fully submitted for written decision. In reaching its decision the Court has considered the petition filed hereunder, the motion and response as well as the contents of the Court's file.
The parties hereto never married but are the parents of two children, to wit: Joni Alyssa K. born April 15, 2001 and Kayla Elizabeth K. born June 18, 2003. On December 17, 2004 the petitioner filed the underlying application for an order of protection as well as a petition for custody. The Court entertained the petition for an order of protection but dismissed the petition for custody pursuant to the terms of the Uniform Child Custody Jurisdiction Enforcement Act (hereinafter referred to as the UCCJEA, Domestic Relations Law §72 et seq) as the State of New York was not the home state of the children (Domestic Relations Law §76[1]). In February 2005, Ms. U. again filed a petition for custody under the Uniform Child Custody Jurisdiction Enforcement Act which was dismissed by this Court by Decision and Order dated February 10, 2005 when the Court declined to sign the Order to Show Cause as the State of New York was [*2]clearly not the children's home state pursuant to that Act.
 From the petition filed by Ms. U. for custody pursuant to the UCCJEA, the Court has a history of these parties' almost nomadic existence. Prior to December 15, 2004 the parties resided in the State of California having moved there in September 2003. They lived in the State of New York from November 2001 until April 2002 and from May 2003 until September 2003. In the period of time from May until November, 2001, they again resided in the State of California and from April 2001 until May 2001 and from April 2002 until May 2003 they resided in the State of Colorado. However, of the four years and eight months that these parties resided together, two years and four months of that time period were in the State of California (April 2002 to May 2003 and September 2003 to December 2004). There is currently an application for custody pending in the Superior Court of Alameda County (Exhibit B of respondent's motion to dismiss) which was filed on January 28, 2005.
The allegations which form the basis for the alleged family offense are that during the course of an argument at the parties' residence in the State of California, the respondent punched the petitioner in the back of the head. The police and paramedics were called. The petition further states that the respondent has been violent in the past on several occasions and that the petitioner fears he will come to New York and hurt her.
The grounds for the application to dismiss the petition are twofold. First, the respondent asserts that this Court lack in rem jurisdiction over the issues and second that this State is an inconvenient forum. In opposing the application, the petitioner cites the cases of Pierson v Pierson, 147 Misc2d 209, 555 NYS2d 227 and Eileen W. v Mario A., 169 Misc2d 484, 644 NYS2d 452.
In Pierson (supra ), the issue presented to the Monroe County Family Court was whether the Court had jurisdiction to issue an order of protection when the all of the acts alleged took place in the State of Florida. During the course of the proceeding, the respondent returned to the State of New York and for the Court that was the defining action which compelled it to determine that it possessed the requisite jurisdiction in order to further the purposes of an Article 8 proceeding.
The New York County Family Court Judge also determined in Eileen W. (supra ), that there was jurisdiction to entertain a petition for an order of protection when the alleged act of harassment took place in the respondent's attorney's offices in the State of New Jersey. In that case, during oral argument on the respondent's motion to dismiss, the petitioner stated under oath other actions which had occurred in the State of New York. The Court determined based on these allegations of other acts of domestic violence which took place in New York that there was a sufficient basis for the Court to exercise jurisdiction.
The underlying matter differs from these two cases in that the respondent still resides in the State of California and no actions are alleged to have ever occurred in the State of New York. Accordingly, the issue presented is whether this Court can obtain personal jurisdiction over the respondent. The court in the case of Matter of M.P. v M.S., 186 Misc2d 173, was faced with a similar situation. There, it was alleged that petitioner's brother in law, who resided in the State of Florida and while he was residing in the State of Florida, told the respondent he was going to kill her. This statement caused her ongoing emotional and psychological harm in New York and the Court held that petitioner's assertion of fear was sufficient to satisfy New York State's long arm [*3]jurisdictional requirement under CPLR §302(a)(3) (supra , p. 175). However, the Court found that it needed to conduct a hearing to determine whether the respondent had ongoing contacts with the State of New York pursuant to CPLR §302(a)(3)(i) or (ii) to fulfill the remaining jurisdictional prerequisite under that statute (id.).
In the underlying matter, the issue of contacts with the State of New York has not been addressed by the parties in their pleadings. For the reasons set forth below the Court finds that it does not have to reach this issue.
It is apparent to the Court that the issue of domestic violence is germane to the issue of custody and visitation (Wissink v. Wissink, 301 Ad2d 36; 749 NYS2d 550). This will certainly be considered by the court presiding over the custody case in the State of California. While the courts must often rely on assessments of credibility in deciding whether or not acts of domestic violence have been committed, it is certainly preferable to hear a matter where the most evidence is available. This Court certainly would not want to reach a contrary conclusion to the court in California as to domestic violence where the police and medical personnel are available to testify. The California court has the requisite jurisdiction of all the issues presented by this family including custody, visitation and domestic violence. Accordingly, this Court, without making a determination as to whether or not it has personal jurisdiction over the respondent, will decline to hear this matter.
Based on all of the above, the underlying petition is dismissed, the temporary order of protection is vacated and the trial date of March 10, 2005 is vacated.
 This constitutes the decision and order of the Court.
Dated: Goshen, NY E N T E R
 March 10, 2005
______________________________
ANDREW P. BIVONA
Family Court Judge
To: