OPINION OF THE COURT
Conrad D. Singer, J.
This proceeding was commenced by the filing of a family offense petition dated November 27, 2007, wherein the petitioner alleges the respondent committed acts constituting family offen *578 ses. By notice of motion dated January 4, 2008, respondent moves to dismiss the petition alleging lack of personal jurisdiction over the respondent pursuant to CPLR 3211 (a) (8) and (9). The law guardian submitted an affirmation in opposition. The petitioner, who is pro se for these proceedings, did not respond to the motion.
The respondent acknowledges, in his affidavit annexed to the motion, that on December 27, 2007, an “unidentified man, wearing plain clothes, delivered a copy of Petitioner’s Petition and an Order of Protection to me at my residence in Connecticut.” The crux of his motion to dismiss is that, by virtue of him being a Connecticut resident, this court cannot obtain personal jurisdiction over him. In support of this argument, respondent’s counsel relies on two cases, to wit: Matter of Jane O.J. v Peter L.J. (141 Misc 2d 434 [Fam Ct, NY County 1988]), and Anthony T. v Anthony J. (134 Misc 2d 375 [Fam Ct, Nassau County 1986]). It is true that each of these cases clearly supports the proposition that, at the time they were decided, the court did not have jurisdiction over out-of-state respondents. However, each of these cases was decided prior to the change in Family Court Act § 154 in 1995. At that time, subdivision (c) was added. Family Court Act § 154 (c) states, in pertinent part:
“(c) In a proceeding arising under article four, five, six, eight or ten of this act in which an order of protection is sought or in which a violation of an order of protection is alleged, the court may send process without the state in the samé manner and with the same effect as process sent within the state in the exercise of personal jurisdiction over any person, subject to the jurisdiction of the court under section three hundred one or three hundred two of the civil practice law and rules, notwithstanding that such person is not a resident or domiciliary of the state, so long as: (1) the act or acts giving rise to the application for issuance or enforcement of the order of protection occurred within the state; and (2) the applicant for the order of protection resides or is domiciled in the state or has substantial contacts in the state, including but not limited to, presence on a regular basis in the state.” (Emphasis added.)
It is clear and without question that this court, pursuant to Family Court Act § 154 (c), can obtain personal jurisdiction over a respondent who lives outside New York State and Nassau County. Respondent relies on two outdated cases to support a *579 position which is indisputably contradicted by a plainly worded statute. (See Matter of M.P. v M.S., 186 Misc 2d 173 [Fam Ct, NY County 2000] [noting that Anthony T. v Anthony J., supra, predated changes to Family Court Act § 154].) See also Professor Merril Sobie, Practice Commentaries (McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 154, at 101), stating that cases where a party seeks an order of protection or alleges a violation of an order of protection “are added to those in which out-of-state service may be utilized.”
The remaining issue in the analysis (though not raised by respondent in his moving papers) is whether this respondent has sufficient contacts with New York for this court to exercise jurisdiction over him in this case. The court finds that it does.
The allegations contained in the family offense petition herein involve threats and harassment made over the phone by respondent from the State of Connecticut to petitioner while she was in the State of New York. If the issue of personal jurisdiction over the respondent rested solely on the basis of phone calls made into New York State by the respondent, the court is not certain that such calls alone would constitute sufficient contacts with New York. While there is a progeny of cases of recent vintage holding that electronic communications from outside of New York made into New York for the purpose of conducting business could form the basis for jurisdiction over the out-of-state communicator, this court is not certain one way or the other whether phone calls alone made for harassment purposes would be covered under such an umbrella. (See Fischbarg v Doucet, 38 AD3d 270 [1st Dept 2007] [personal jurisdiction exercised over an out-of-state individual who only e-mailed, phoned, faxed and mailed into New York]; Otterbourg, Steindler, Houston & Rosen v Shreve City Apts., 147 AD2d 327 [1st Dept 1989] [where jurisdiction exercised over out-of-state individual who made numerous calls into New York, including conference calls involving the settlement negotiations of litigation]; but cf. Kimco Exch. Place Corp. v Thomas Benz, Inc., 34 AD3d 433 [2d Dept 2006] [where faxing into New York and a small number of follow-up phone calls did not amount to enough contact with New York to exercise jurisdiction].)
Specifically in the family law arena, there are very few cases on point, one being respondent’s outdated Anthony T. v Anthony J. (supra), where the court found that threatening phone calls alone, made from Florida to New York, were sufficient to confer subject matter jurisdiction. However, that court, operating prior *580 to the enactment of Family Court Act § 154 (c), found no personal jurisdiction over the respondent. In M.P. v M.S. (supra), the Family Court found that threats made in person in the State of Florida from a Florida resident to a New York resident, who then returned to New York and remained in fear as a result of those threats, fell within the scope of CPLR 302 (a) (3) (committing a tortious act outside of the state which causes injury inside the state). However, a later Family Court case distinctly disagreed with the finding in M.P v M.S. (J.A. v J.C., NYLJ, June 25, 2001, at 32, col 6.) The J.A. v J.C. court found that the tortious act from outside the state must have caused the injury within New York, and that “residual” injury from the tortious act was not enough.
Based upon the paucity of precedent in this area, the court would have very little guidance if respondent’s contacts herein were solely related to the alleged phone calls. The court would likely find the alleged conduct would, indeed, confer personal jurisdiction over the respondent. However, respondent has multiple other contacts with New York which obviate the need for coming to a conclusion based upon phone calls alone. Within the last 13 months, respondent has twice consented to this court issuing orders affecting his custody and visitation rights, the most recent being August 2007. The August 2007 order contains decretal paragraphs stating,
“Ordered, that [respondent] shall become a client of Nassau County TASC and shall cooperate with random drug screening, therapy and referrals, in the discretion of TASC, until January 19, 2008, with all such testing, therapy and referrals to take place within the County of Nassau, State of New York . . . and it is further
“Ordered, that [respondent] shall be entitled to parenting time with the parties’ daughter while he is in New York for a mandated appointment with TASC.”
To be sure, the conduct referred to in the August 2007 order clearly satisfies CPLR 302 (a) (1) in that the respondent is mandated to transact business within New York State.
Finally, respondent raised a time-of-service issue for the first time in his counsel’s reply affirmation. This placed petitioner and the law guardian at a distinct disadvantage as neither the CPLR nor the Family Court Act provide for any surreply after a reply to opposition is made. (CPLR 2214; Flores v Stankiewicz, *581 35 AD3d 804 [2d Dept 2006].) Therefore, the court will not consider this argument in this motion. Respondent is free to properly raise the issue in any subsequent motion.
Accordingly it is ordered that respondent’s motion to dismiss is denied in its entirety.